Sullivan, J.
Case by Kimble against Green. The declaration contains the following statement of facts: At the August term, 1841, of the Franklin Circuit Court, William McClure obtained a judgment against one dark for the sum of $238.24, which was afterwards replevied by Kimble. On the 19th of February, 1842, McClure issued & fieri facias on said judgment against the goods and chattels, &c., of Clark and Kimble, which writ was delivered to the sheriff on the same day; that *595 at the time the writ came into the hands of the sheriff Glark was the owner and was ^possessed of a large number, to wit, twenty head of cattle of the value of $200; and that said writ, after the delivery thereof to the sheriff,was a lien upon the said cattle,&c. Yet the defendant, Green, well knowing the premises, but contriving, &c., after-wards and in the lifetime of said writ, to wit,&c., fraudulently drove said cattle out of and beyond the limits of said county, and converted and disposed of the same to his own use, whereby the sheriff was prevented from seizing said cattle, &c. The declaration further states that Clark had not, at any time since, the issuing of said writ, any goods or chattels, lauds or tenements, liable to be levied upon by'virtue of said writ, and in consequence thereof the writ was levied upon the property of the plaintiff Kimble; that he had paid a large part of said judgment; and that his property so levied upon was holden for the residue ; that Clark had become and was wholly insolvent, &c.
The defendant pleaded not guilty. Verdict for the plaintiff. Motion in arrest of judgment overruled, and judgment on the verdict.
The appellant contends that upon the facts disclosed *in the declaration, the plaintiff below had no cause of action, and that the judgment therefore should have been arrested.
This action is new in point of precedent; the appellee contends,however, that the law recognizes principles upon which it may be supported. The removal of the cattle hy the appellant was, it is said, a consequential injury to the appellee, and that for eve.ry such wrong the law gives a remedy. 'It is true, that for the willful violation of every right the law affords a remedy; but the question here is,whether the tort committed by the appellant was a violation of the rights of the appellee ? That Clark might maintain an action against the appellant for the removal of the cattle will not be controverted ; and so, Madure,by virtue of the execution in the hands of the sheriff, had acquired a lien upon the cattle, and might maintain an action against Green for the wrongful act by which he, McC., *596 was prevented from selling them in satisfaction of his judgment. Yates v. Joyce, 11 J. R., 136. But the appellee in this case, by virtue of the execution, acquired no right to the property, the writ being against his goods and chattels and not for his benefit. The case of Yates v. Joyce, *supra, is relied upon for the affirmance of the judgment of the Circuit Court. The'facts of that case were as follows : Kane recovered a judgment in the Supreme Court of New York against Joyce and another, which' was afterwards assigned to the plaintiff, who issued execution thereon. The writ, for want of sufficient, goods and chattels, was levied upon a lot in the city of Schenectady, on which were situate a dwelling-house,store-house,&c. The defendant knowing the foregoing facts,afterwards wrongfully, &c., took down and removed away from said lot, and converted to his own use, a certain building, &c., of the value, &c., by reason whereofthe plaintiff was deprived from obtaining satisfaction of his judgment. The Court decided that the plaintiff should-recover, because, they said, they would assume that he had acquired a legal lien on the property by means of the judgment in favour of Kane, and the assignment of it to himself. The right of the plaintiff to recover, was put expressly on- the ground that he had a legal claim to the property injured ; and it seems it was necessary that the Court should assume that fact to sustain the verdict. In the case before us, there is no ground for the pretence that the appellee had any right whatever to the property removed. It is a general rule, that the action for a tort must be brought in the name of the-person who was legally interested in the property at the time the tort was committed. Dawes v. Peck, 8 T. R., 330.
O. H. Smith, for the appellant.
J.M. Johnston, J.Byman, and P.L. Spooner, for the appellee.
We are of opinion that the plaintiff below had no right of action against the defendant, and that the. judgment should have been arrested.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.