## Avery Wellington *vs.* George Small & another.

In an action on the case, brought against two defendants, it was alleged, that one of them was indebted to the plaintiff; that the two confederated and conspired together to prevent the plaintiff from obtaining security for or payment of his debt; that, in pursuance of such purpose and intention, and in order to enable

the plaintiff's debtor to take the poor debtor's oath, the defendants caused the property of the latter to be removed from his own custody and possession into the possession of the other defendant, by whom the same or the proceeds thereof were kept secreted and concealed from attachment; that the plaintiff sued out a writ against his debtor to recover the debt aforesaid, and caused his body to be arrested thereon; that the defendant in the said suit took the poor debtor's oath and was discharged from arrest; and that the plaintiff entered the same and re covered a judgment therein which remained wholly unpaid. The plaintiff, at the trial, gave evidence of every thing alleged in the declaration, except the fact of conspiracy, of which there was no direct proof: It was held, that the action could not be maintained.

THIS was an action on the case, in the nature of a conspiracy, against the defendants, Dexter Small and George Small, described in the writ as of Portland in the state of Maine, commorant at Brighton, in this commonwealth. The writ was served only on George Small.

The declaration alleged, that the defendants were merchants, Dexter Small doing business at Portland, and George Small, at Limington, in the state of Maine; that Dexter Small at sundry times between the 20th of March and the 11th of August, 1843, made purchases of goods of sundry persons in Boston, on credit, amounting in the whole to more than $3000; that the notes given therefor were transferred to the plaintiff by indorsement, of which the defendants had due notice; that the defendant Dexter Small had never paid the same, but had become and then was wholly insolvent, and had no attachable property either in this state or in Maine; that before the notes became due, the two defendants, about the last of August, 1843, conspiring to defraud the plaintiff and other creditors, and to enable Dexter Small to take the poor debtor's oath, and to hinder and prevent the plaintiff from securing and receiving payment of his notes, fraudulently and without consideration removed from Dexter Small's store in Portland, to George Small's store in Limington, a large quantity of goods belonging to the former, of the value of $412; that George Small fraudulently received the same, or the proceeds thereof, so that the same were and ever since had been concealed from the plaintiff, and from any process of attachment, in the hands and possession of

George Small, both parties well knowing that neither the goods above mentioned, nor the notes given therefor had been paid ; that the defendants, afterwards, on the 6th of September, 1843, in pursuance of their fraudulent and unlawful contrivance, conspiracy, and intent, fraudulently and without consideration, cancelled and discharged a valid and enforceable debt on the books of account of Dexter Small, then due from George Small to him, for divers articles, &c., of the value of $1400 ; that, on the 11th and 12th of the same September, the defendants removed a further quantity of goods of the value of $300, from the store of Dexter Small in Portland, to the store of George Small in Limington, and there concealed the same, as before mentioned ; that, on the 13th of September, a large quantity of Dexter Small's goods, of the value of $1950, was mortgaged by him to George Small, and removed and concealed as above mentioned ; that, on the 19th of February, 1844, the plaintiff sued out a writ against ˜Dexter Small, returnable at the court of common pleas, in April, 1844, to recover the amount of the notes signed by him for goods purchased in Boston, and arrested the body of the said Dexter thereon ; that the defendant in said action took the poor debtor's oath on the 24th of May, and was thereupon discharged from arrest ; and that the plaintiff entered his action and recovered judgment in the same, which was then due and wholly unpaid.

At the trial, which was before *Wilde*, J., the plaintiff introduced evidence to prove, that Dexter Small conveyed to George Small the goods mentioned in the declaration, at the several times therein mentioned, for the purpose of defeating Dexter's creditors ; that George Small knew that such was the purpose of the other defendant ; and accepted and held the goods to aid and assist him therein ; but the plaintiff offered no other evidence of a conspiracy.

It was also proved or admitted, amongst other things offered in evidence by the plaintiff, in support of the several allegations in his declaration, that Dexter Small had taken the poor debtor's oath, as therein stated.

After the plaintiff had made some progress in the introduction of his evidence, the judge intimated that there might be a question, whether the case could be distinguished, upon the evidence, from that of *Lamb* v. *Stone*, 11 Pick. 527, and that it might be advisable to obtain the opinion of the court, upon the point suggested, before proceeding with what appeared likely to prove a protracted trial of the facts. The case was thereupon withdrawn from the jury by consent; and the court are to direct a nonsuit, or order a new trial, as they may deem expedient and conformable to law.

*H. Wellington*, for the plaintiff.

*H. H. Fuller*, for the defendants.

METCALF, J. The decision, in the case of *Lamb* v. *Stone*, 11 Pick. 527, was made after full argument and careful consideration; and upon reëxamining it, we find no reason to question its correctness. It is warranted by the previous case of *Smith* v. *Blake*, 1 Day, 258, and confirmed by the subsequent case of *Green* v. *Kimble*, 6 Blackf. 552. A contrary decision was made in *Penrod* v. *Morrison*, 2 Pennsyl. 126; but as no legal reasons are given for that decision, it does not change our views of the law. All the other cases now relied on by the plaintiff's counsel, which bear much on the point raised by him, were considered by the court, before giving judgment in *Lamb* v. *Stone*.

The grounds of the adjudication in *Lamb* v. *Stone* were, that the action was without precedent; that the plaintiff had no lien on the property of his debtor, no interest in it, claim on it, or right to it, when the defendant converted it to his own use; that such conversion merely lessened the plaintiff's chances of acquiring a right to the property, or a hold upon it by way of security for his dues; that the defendant would be liable to a like action by every other creditor, as well as to the plaintiff; that the damage, if any, was too remote and contingent to be the ground of an action; and that the plaintiff's appropriate remedy was by attaching the property in the defendant's hands, or by summoning him in the trustee process, or by committing his debtor to prison and preventing

his taking of the poor debtors' oath. It might have been added, that the case was not varied by the fraudulent intent of the defendant, which was alleged in the declaration, because such intent could not make the plaintiff's damage any greater, or any less remote or contingent, than it would have been if no such intent had existed. Besides ; an act done in pursuance of an unlawful intent is no ground for a civil action, unless some actual damage ensues. *Morgan* v. *Bliss*, 2 Mass. 111.

The uncertainty of the plaintiff's damage seems, of itself alone, to be a sufficient reason for his not recovering. In an action on the case *ex delicto*, the plaintiff must show injury and damage ; and these must be shown as facts, by legal proofs, except in a few cases, where, by the rule of law, damage is presumed from the act complained of. This case does not fall within that exception. How could this plaintiff prove that he suffered any damage from the acts of the defendant, which are averred in the declaration ? How could he prove that he would have secured his debt by attaching the property of his debtor, if the defendant had not intermeddled with it ? Other creditors might have attached it before him, or it might have been stolen or destroyed while in the debtor's possession. The fact that the plaintiff has suffered actual damage from the defendant's conduct is not capable of legal proof, because it is not within the compass of human knowledge, and therefore cannot be shown by human testimony. It depends on numberless unknown contingencies, and can be nothing more than a matter of conjecture.

The case of *Lamb* v. *Stone* was decided on a motion in arrest of judgment ; and the plaintiff's counsel has suggested that there are averments, in the declaration now before us, which were omitted in that case, and which show a legal cause of action against the present defendant. The additional averments on which he relies are, 1st, That there was a conspiracy between the plaintiff's debtor and the defendant to delay and defeat the plaintiff and other creditors ; 2d, That

13 *

the plaintiff's debtor was insolvent when this action was commenced ; and 3d, That the defendant concealed the property of said debtor.

It seems to us that neither of these averments, nor all of them combined, can make any legal difference between this case and that of *Lamb* v. *Stone.* They show no additional cause of action, because they show no additional right of the plaintiff to the debtor's goods, nor any less remote or contingent damage to the plaintiff. As to the first of these averments, it may be remarked, that if an act is done by one alone, which is no cause of action, a like act is not rendered actionable by being done in pursuance of a conspiracy. In an action on the case in the nature of a conspiracy, the gist of the action is not the conspiracy, (as it is in an indictment, and was in the old writ of conspiracy,) but the damage done to the plaintiff.

The fraudulent cancelling of the debt, which the defendant owed to Dexter Small, stands, to say the least, on no better grounds for the plaintiff than the fraudulent disposition made of the goods. As against the plaintiff, this transaction worked no legal injury. The remedy by the trustee process remained open to him, and his debtor, if committed to prison, could not have been discharged without purging himself, by oath, from the alleged fraud.

*Plaintiff nonsuit.*