## LeGierse & Co. v. Kellum & Rotan.

(Case No. 5572.)

1. LIMIT OF LIABILITY—INJURY—NECESSARY ALLEGATIONS—A failing debtor transferred his goods to a creditor whom he desired to save from loss, the creditor agreeing, when his claim was satisfied, to return the remainder of the proceeds to the debtor, which he did. In an action against this creditor by another of the debtor's creditors, there was no assertion of title in or lien upon the goods, nor was it sought to have the sale declared fraudulent, and the property or its proceeds subjected to levy. The petition alleged that defendant had conspired with the debtor to defraud plaintiff, receiving and concealing property

out of which plaintiff could have made his debt, and prayed for a personal judgment against defendant for the amount of plaintiff's claim. *Held*, In contemplation of law, the plaintiff had sustained no injury. He had not been deprived of any right, but of an opportunity to secure a right. (Authorities cited.)

Appeal from McLennan. Tried below before the Hon. B. W. Rimes.

The parties to this suit were creditors of A. J. Stewart, a retail merchant of Waco. On April 13, 1882, Stewart was insolvent, and, being desirous of protecting the claim of appellees, Kellum & Rotan, he informed them of his condition, and made them a transfer of his entire stock, they agreeing to return him the amount of the value of the goods over their claim. The stock inventoried $470 more than their claim against Stewart, and that amount they paid him.

Under an attachment sued out by appellants, demand was made upon appellees for the goods of Stewart, but they declined to point them out.

The judgment rendered in favor of LeGierse & Co., upon their claim against Stewart, was not paid, and on October 14, 1882, appellants filed this suit, the petition praying "that it be adjudged that the sale was fraudulent and void, and that the defendants be adjudged to pay over a sufficient portion of the proceeds of the goods to pay petitioners' debt, and all costs expended and incurred; or, if this cannot be done, then they pray that defendants be held to pay over in satisfaction *pro rata* of petitioners' debt the amount of money paid by defendants to Stewart in excess of the value of the goods over the amount of his debt to them, and also all costs of court."

The trial resulted in a verdict and judgment for defendants.

*Herring & Kelly* and *M. C. H. Park*, for appellants.

*A. J. Peeler* and *D. W. Doom*, for appellees.

Robertson, Associate Justice.—It is not necessary in this case to consider the assignments of error. The judgment rendered is the only one that could have been rendered upon plaintiffs' pleadings, including the trial amendment. There was no allegation that the defendants had fraudulently misrepresented the character or circumstances of Stewart in the letters of credit. Nor was there any claim that the title to the goods sold by plaintiffs to Stewart did not pass from any cause. The plaintiffs asserted no sort of lien on the goods sold by Stewart to defendants. The suit is not to have that sale de-

clared fraudulent as a means of discovering the property and subjecting it to levy, nor of tracing the proceeds into other property, the title to which, by extending the result of the invalidity of the original purchase by defendants, could, by construction as to creditors, be considered in Stewart and subject to his debts.

On the contrary, the object of the suit was to obtain a personal judgment against defendants on the ground that they had conspired with Stewart to defraud the plaintiffs, and, in the perpetration of this immoral scheme, had received and concealed property which would otherwise be subject to the plaintiffs' process, and that, by these means, the plaintiffs had lost their debt.

If the sale was fraudulent it was void as to creditors. As to creditors, the defendants have secreted, converted or disposed of Stewart's property. How has this, in legal contemplation, injured the plaintiffs? Suppose defendants had shot a horse belonging to Stewart, and subject to his debts, his creditors could not sue for damages. The plaintiffs had no right in or lien upon the property they allege the defendants have meddled with. The damage they sustain is in being deprived of an opportunity to make a levy. This damage is too remote; they suffer the loss, not of a right, but of the chance to secure a right. The wrong done them is analogized by Judge Campbell to that done a legatee in a will by one who maliciously persuades the testator to withdraw the bequest. The principle is fully illustrated and established in reported cases. Adler v. Lenton, 24 How., 407; Lamb v. Stone, 11 Pick., 527; Wellington v. Small, 3 Cush., 146; Smith v. Blake, 1 Day, 258; Green v. Kimble, 6 Black., 552; Wait on Fraud. Conv., sec. 62.

The judgment is affirmed.

AFFIRMED.

[Opinion delivered May 14, 1886.]