## FRANK RANSFORD
### v.
## JOSEPH H. WILLETS.

*Actions—Pleading—Sale.*

1.  For the mere telling of a lie an action can not be maintained.
2.  The lack of an express averment of *scienter* is not fatal.
3.  There is no precedent for an action, not of debt, covenant or assumpsit, to recover money due by contract, but of trespass on the case for using the money with which the debt ought to have been paid, for other purposes.

[Opinion filed December 7, 1891.]

IN ERROR to the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. JEREMIAH LEAMING, for plaintiff in error.

Messrs. HAMLINE, SCOTT & LORD, for defendant in error.

GARY, J. This writ of error is prosecuted to reverse a judgment by default entered upon a declaration in case, as follows:

" For that whereas the plaintiff on, to wit, the 19th day of August, 1889, bargained with the defendant at his request to sell him a certain stock of goods, consisting of a certain stock

of hosiery and underwear belonging to said plaintiff, contained, at that time, in the store of W. T. Moore & Co., No. 145 State street, Chicago, to wit, at the county aforesaid, and belonging to said plaintiff, for the sum of $7,000, to be paid to him by said Frank Ransford, in order to induce said plaintiff to make said bargain then and there represented to this plaintiff that he was the owner of a stock of ribbons, contained in said store of W. T. Moore & Co . aforesaid, and falsely and fraudulently represented that there was no indebtedness against said ribbon stock, and that he did not owe any one on account of the same anything exceeding the sum of $10; that he had resources outside of said stock of ribbons out of which he could obtain the money to pay for said stock of hosiery and underwear, and by means of the premises then and thereby falsely and fraudulently induced the plaintiff to agree to accept payment of the purchase price of said stock in the notes of said Frank Ransford, as follows, to wit:

$1,000 note due in thirty days from the date thereof.
$1,000   "    "   "  sixty   "    "    "    "    "
$2,500   "    "   "  four months "    "    "    "
$2,500   "    "   "  six     "    "    "    "    "

and all bearing date the 19th day of August, 1889, and to accept a chattel mortgage as security for said two notes of $2,500 each, covering said stock of hosiery and underwear, so sold by said plaintiff to said defendant, and also said stock of ribbons, so claimed by said Frank Ransford, defendant, to belong to him, and to deliver to said Frank Ransford; defendant, said stock of hosiery and underwear belonging to him and contained in the store of W. T. Moore & Co. aforesaid.

"Wherein as in truth and in fact said Frank Ransford, defendant herein, owed upon said ribbon stock, belonging to him as aforesaid, the sum of at least $1,000, and thereafter from time to time, intending to cheat and defraud this plaintiff, sold and disposed of said stock so mortgaged as aforesaid in job lots at wholesale to pay for said indebtedness against the said ribbon stock, and appropriated the balance of the proceeds to his own private use, and thereafter and on, to wit, the 22d day of January, A. D. 1890, the said notes, of

$2,500 each, not having been paid by the terms thereof, judg-
ment was thereon confessed by this plaintiff for the amount
thereof, together with interest and attorney's fees, in the total
amount of $5,125, in the Superior Court of Cook County,
and the residue of said property, so mortgaged by said Frank
Ransford as aforesaid to said Joseph H. Willets, and not sold
by said Frank Ransford, defendant, was levied upon by the
sheriff of Cook county, and thereafter and on, to wit, the ———
day of ——— A. D. 1890, the same was sold out at a pub-
lic sale, and after due and proper notice of such sale had been
made by advertisement, and the said stock so remaining, real-
izing at said sale the sum of seventeen hundred and twenty-
six and sixty-four one hundredths dollars ($1,726.64), which
was the fair and reasonable market value of the said property.

" And the plaintiff in fact says that the defendant, by means
of the premises on the day aforesaid, there falsely and fraudu-
lently deceived the plaintiff as to the financial standing of said
defendant, and in the sale of the said stock of hosiery and
underwear, and falsely and fraudulently induced said plaintiff
to part with the same, and deceived the plaintiff in inducing
him to accept as security for said purchase price the said rib-
bon stock, as aforesaid, and thereby the said plaintiff was de-
prived of a large sum of money, to wit, the sum of $4,000,
in enforcing the payment of said notes as aforesaid, to the
damage of the plaintiff of $4,000, and therefore he brings his
suit," etc.

The only representation alleged to have been made by the
defendant below which is charged to have been false, is, that
he did not owe any one on account of the ribbon stock exceed-
ing the sum of ten dollars. Consistently with the declaration
the ribbon stock may have been less in value than that sum;
if so, the security which the plaintiff below fancied the ribbon
stock gave him, was not affected by that representation. It
is quite consistent with all that is alleged in the declaration
that the defendant below may be a man of ample fortune with
abundant property accessible to an execution. The alleged
false representation can only be made material by showing
that the ability of the defendant below to pay his debts de-

pended to some extent upon its truth, and that because of its untruth he was less able to pay than he would have been if it had been true. For the mere telling of a lie, an action will not lie.

The subsequent conduct of the defendant below in disposing of goods which he had the right to dispose of, at least such right is not negatived by the declaration, is not actionable, nor is the manner in which he used the proceeds.

There is no precedent for an action, not of debt, covenant or assumpsit, to recover money due by contract, but of trespass on the case for using the money with which the debt ought to have been paid, for other purposes. Such an action would be analogous to those held not to lie in Smith v. Blake, 1 Day, 258, Green v. Kimble, 6 Blackf. 552 and Cooley on Torts, 582, note 1, for setting up a false claim against or making a fraudulent levy upon the property of the debtor of the plaintiff.

No cause of action is shown by the declaration and the judgment must be reversed and the cause remanded.

The lack of an express averment of *scienter* is not fatal. Farwell v. Metcalf, 61 Ill. 372.

*Reversed and remanded.*