ABRAHAM COHEN v. ADOLPH COHEN ET AL.

Decided May 1, 1901.

**1.—Damages—Negligent Detention of Letter Defeating a Sale of Land.**

Where defendant got a letter from the post office and negligently retained it for several days, in violation of the duty not to obstruct mail enjoined by Revised Statutes of the United States, section 3892, defendant was liable to plaintiff for the damages proximately resulting from such breach of duty through plaintiff's consequent failure to sell certain real estate.

**2.—Same—Evidence of Title.**

In an action for such damages it was not necessary that muniments of title should be used to prove that plaintiff was the owner of the real estate in the absence of adverse proof on that point, all the facts in evidence showing that plaintiff owned the property.

**3.—Same—Written Contract of Sale Not Essential—Proximate Cause.**

The court properly refused to charge that the failure of plaintiffs' agents in negotiating the sale to make a written contract with the prospective purchaser of the real estate was the proximate cause of the failure to sell, where the evidence showed that the agents did not have such authority from one of the plaintiff owners as would authorize them to bind him by any writing.

**4.—Same—Offer to Buy—Time—Charge.**

Where there was nothing in the pleadings and evidence to show that the offer to buy the property made by the prospective purchaser was limited to any certain time, a requested charge proceeding on the theory that the offer was limited in time was properly refused, and in the case as made the implication would be that the offer was open for a reasonable time.

Appeal from Bexar. Tried below before Hon. S. J. Brooks.

*Lewy & Sehorn,* for appellant.

*M. S. Hallam* and *Webb & Finley,* for appellees.

JAMES, CHIEF JUSTICE.—Appellees brought this suit to recover damages on account of their failure to consummate the sale of certain real estate alleged to be owned by them in Houston. They averred, in substance, that appellant got a letter from the postoffice at San Antonio addressed to appellee A. Cohen, containing information with reference to the proposed sale of the property, and that appellant negligently retained possession of the letter for several days, and in consequence of which appellees were unable to comply with the requests made upon them in the letter, and as a result thereof the proposed purchaser refused to buy the property. The case was tried before a jury, and judgment was rendered in favor of appellees for actual damages in the sum of $700.

By the first, second, third, and twenty-first assignments it is insisted that the court erred in overruling demurrers and in refusing a charge, for the reason that it was neither alleged nor proved that appellants had a written agreement with Pincus, the proposed purchaser, for the sale of the property, for, it is contended, in such case the loss, if any, was not that of a right, but of a mere chance to secure a right. In sup-

port of this proposition the case of Le Gierse v. Kellum, 66 Texas, 242, is cited. The case bears no analogy to the present one, which finds its counterpart in telegraph cases, in which it is universally held that the failure to transfer or deliver a message, whereby a sale is defeated, entitles the sender to damage for a loss caused thereby. Joyce on Electric Law, sec. 962. In this case defendant owed plaintiff the duty (enjoined by United States Revised Statutes, section 3892) not to obstruct his mail, and a breach of this duty rendered him liable for damages to plaintiff's estate proximately resulting therefrom.

The sixth assignment is not presented in accordance with the rules; still, we have considered it, and regard the damages alleged as neither uncertain nor remote. There was no error in the charge on the measure of damages. If the charge referred to in the fifteenth assignment be deemed not sufficiently explicit, the deficiency was clearly supplied by the eighth special charge given. This also disposes of the sixteenth assignment.

All the facts in evidence showed that plaintiffs were the owners of the property. It was not indispensable that muniments of title should be used to prove such fact, in a case of this kind particularly, in the absence of adverse proof on the subject; hence· the charges referred to in the twentieth and twenty-ninth assignments were properly refused. Express Co. v. Dunn, 81 Texas, 85.

The twenty-fourth and thirtieth assignments are not well taken. The refused charges proceed upon the theory that there was evidence to show that the agents, W. W. Thomas & Co., were authorized to contract with Pincus to make the sale for $3700, and they having failed to enter into a written contract with him, defendant was entitled to a verdict, if such failure was the proximate cause of the failure to sell to Pincus. The testimony would not have warranted such charge. One of the plaintiffs, Coleman Cohen, had no communication with W. W. Thomas & Co., and had merely given another of the plaintiffs, his brother, Benjamin Cohen, a power of attorney to sell. Benjamin had no power to delegate his authority to another, and conseqquently Thomas & Co. could not have bound him by any writing. Tynan v. Dullnig, 25 S. W. Rep., 465.

The twenty-fifth assignment complains of the refusal of the following charge: "If you believe from the evidence in this case that H. Pincus made a proposition to one Maskowitz to buy said property and pay therefor the sum of $3700 in cash, conditioned upon said Maskowitz furnishing to said Pincus an instrument in writing signed by the plaintiffs authorizing said Maskowitz to sell said property to him for $3700; and you further believe from the evidence that said Pincus did not buy said property, and that the reason he did not buy the same was that said Maskowitz failed to produce and show to said Pincus an authority in writing from plaintiffs authorizing him, said Maskowitz, to sell said property for $3700, then in this event also I charge you that your verdict must be for the defendant."

The proposition advanced in connection with this assignment is, that if Pincus withdrew his offer to buy because the agent failed to produce authority in writing from plaintiff authorizing him to sell, plaintiffs could not recover; he (Pincus) testifying that he made the offer for the property, the trade to be made at a certain time, and he (the agent) was to get the signatures of the parties who owned the property authorizing them to sell, and that the reason he did not purchase was because the agent did not do this in the time agreed on.

The point made is that it was contended by plaintiffs that Pincus offered to buy conditioned upon plaintiff's furnishing an abstract of title, deed, etc., by a certain time, and that Pincus testified to a different arrangement; and that therefore if the jury believed the fact was as Pincus testified, plaintiffs are not entitled to recover on the allegations of their petition. Appellant seems to lose sight of the fact that the furnishing of a deed executed so as to bind all of the plaintiffs would have met all of the requirements of Pincus' testimony, as well as that of plaintiffs. The testimony goes to show that the abstract of title, and the deed duly executed by or on behalf of all the owners, would have been on hand on time had the letter not been detained. The court gave the following special instruction asked by defendants: "In order for the plaintiffs to recover in this case, you are instructed that the burden of proof is upon the plaintiffs to establish by a preponderance of the evidence, first, that H. Pincus not only agreed to buy the property and pay $3700 therefor on or before November 26, 1897, but that in point of fact said Pincus would have bought and paid for said property, and paid therefor $3700 on or before November 26, 1897; second, that the plaintiffs could and would have furnished to said Pincus an abstract of title to said property, together with deed from themselves to said Pincus conveying the same, all of which must have been done on or before November 26, 1897; but if you believe from the evidence that the said Pincus would not have bought and paid for said property the sum of $3700 on or before November 26, 1897, even though the letter from W. W. Thomas & Co. to Adolph Cohen had been promptly delivered, and even though plaintiffs could and would have furnished an abstract of title to said property, together with deed from themselves to said Pincus conveying the same to said Pincus on or before November 26, 1897,— then, in this event, I charge you your verdict should be for defendant." These remarks dispose also of the twenty-sixth assignment.

The twenty-seventh assignment complains of the refusal of this charge: "If you believe from the evidence that prior to November 26, 1897, H. Pincus withdrew his proposition to buy the property, then I charge you that your verdict must be for defendant." Another charge asked by defendant was given as follows: "The plaintiffs allege that H. Pincus proposed to buy the property, provided an abstract of title and deeds conveying the property to him from plaintiffs were furnished prior to November 26, 1897. Now if you believe from the evidence that prior to November, 26, 1897, the said Pincus withdrew his

offer to buy the property, and that the failure of plaintiffs to furnish an abstract of title to the property and to execute a deed from them to Pincus before November 26, 1897, was not the reason Pincus withdrew his offer, but that Pincus withdrew his offer before November 26, 1897, for some other reason, then I charge you your verdict must be for defendant." The charge that was refused was properly refused. It proceeds upon the theory that Pincus made his offer limiting the time to November 26, 1897. The petition does not so allege, nor is there any testimony that such was his proposition. He was the only witness who testified that he offered to buy within a certain time, and he does not state what that time was. All the other witnesses testify simply that the offer was made, and the implication would be that it was open for a reasonable time. The charge that was given was as favorable in this regard as defendant could have expected

The judgment is affirmed.

*Affirmed.*

Writ of error refused.