[No. 5257.  Decided October 17, 1904.]

THE STATE OF WASHINGTON, *on the Relation of John Weidert, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY *et al., Defendants.*[1]

JUDGMENT—VACATION ON PETITION—FINDINGS OUTSIDE THE IS-SUES—REVIEW. Where a judgment is vacated on petition, the fact that the trial was not confined to the issues, as required by statute, and that findings were made outside thereof, does not require a reversal, where other findings within the issues support the judgment.

DIVORCE—JUDGMENT—VACATION—FRAUD IN PROCURING DECREE. A finding that a decree of divorce was procured by false representations of the husband, which prevented the wife from acquiring knowledge of her rights or that the action was for a divorce, is alone sufficient to sustain an order vacating the decree.

Certiorari to review an order of the superior court for King county, Bell, J., entered May 21, 1904, upon findings in favor of the defendant, vacating a decree of di-

[1]Reported in 78 Pac. 198.

vorce on the ground of fraud, upon the petition of defendant, after a hearing on the merits.   Affirmed.

*Richard Gowan,* for relator.

*Greene & Griffiths,* for defendants.

FULLERTON, C. J.—On June 3, 1903, John Weidert, in an action pending in the superior court of King county, obtained a decree of divorce from his wife, Amalia Weidert, on the ground, as recited in the decree, that she was impotent, and incapable of discharging her marital duties because of such impotency.   In February, 1904, the wife filed a petition in the above named court asking for a vacation of the decree, alleging that the same had been procured by deceit and fraud, practiced upon her by her husband and others in his employ.   A hearing was had on the petition, in which the husband appeared and participated, at the conclusion of which the court vacated and set aside the decree, directed that the wife be permitted to defend the divorce action, and that the husband pay into court to her use, for that purpose, the sum of $400, and pay to her, pending the action, for her support, the sum of $50 per month, and that he be restrained from conveying his property, or any part thereof, pending the action, without first obtaining leave of the court so to do. The husband applied for, and obtained from this court, a writ of review, and a transcript of the record of the superior court pertaining to the several orders has been sent here pursuant to the command of the writ.

The record does not contain the evidence on which the several orders, sought to be reviewed, were based, but the court made and filed in the cause certain findings of fact on which was rested the order vacating and setting aside the decree, and it is contended that these findings are

not within the issue made by the petition to vacate—it following of course that, if the order vacating and setting aside the decree be reversed, the orders relating to suit money, alimony, and the conveyance by appellant of his property, must fall with it.

It may be that there are findings that are not strictly within the issues made by the petition for the vacation of the judgment, and the rule of the statute, that "the cause of the petition shall alone be tried," may have been to that extent violated. But we do not think it necessarily follows, conceding this to be true, that the order vacating the judgment should be set aside. If there are findings, sufficient in themselves to support the order, that do fall strictly within the issues made by the petition, the order will be allowed to stand, even though there are others which are outside of the issues. Such we find is the case here. The court below found that the wife was not made aware, until long after the decree of divorce was entered, of her rights as a defendant in that action, or of the fact that the action was one for divorce, and that she was prevented from acquiring such knowledge by the false, deceitful and fraudulent representations made to her by her husband. This finding alone is sufficient to sustain the allegations of the petition, it follows that the orders sought to be reviewed must be affirmed, and it is so ordered.

HADLEY, ANDERS, MOUNT, and DUNBAR, JJ., concur.