## C. C. CLEMENTS v. B. F. DOWDY.

### Decided April 16, 1910.

**Parties—Privity—Liability.**

Plaintiff sued T., A. and C., and alleged that T. was indebted to plaintiff on a promissory note; that A. was indebted to T. on a note secured by mortgage on a crop raised on the farm of C.; and that C. had in his possession the proceeds of said crop belonging to A. and asked for and obtained a personal judgment against all of said defendants. In an appeal by C., held, that a general demurrer should have been sustained to the petition so far as C. was concerned; there was nothing in the facts alleged to show that C. was in any manner liable for T.'s debt.

Appeal from the County Court of Baylor County. Tried below before Hon. Nat. G. Mitchell.

*Glasgow & Kenan,* for appellants.

No brief for appellees.

SPEER, ASSOCIATE JUSTICE.—B. F. Dowdy, as plaintiff below, recovered a judgment for the sum of one hundred and forty-seven dollars and forty-five cents against C. C. Clements, from which the latter has appealed. The recovery was upon the following petition:

"Plaintiff B. F. Dowdy, who resides in Baylor County, Texas, represents to the court that on 19th of June, 1907, the defendant, W. F. Triplett, executed and delivered to plaintiff his certain promissory note for the sum of $175 due and payable to plaintiff's order on or before 25th of November, 1907, with interest thereon at the rate of ten percent per annum from date, and ten percent attorney's fees, by which he became liable and undertook to pay said sum for rent on his land as aforesaid; that the same is long past due and, although often requested, said defendant has failed to pay the same or any part thereof except the sums duly credited thereon, as follows: $28.60 paid on December 7, 1907, and $28.64 paid on February 20, 1908.

"That said defendant, W. F. Triplett, has left the county and his whereabouts is to plaintiff unknown; that said defendant has left no property known to plaintiff in this State subject to execution; but that the defendant, J. T. Ables, is indebted to defendant, W. F. Triplett, evidenced by his promissory note dated June 19, 1907, for the sum of $282.05 secured by his chattel mortgage on some personal property and on thirty acres of cotton raised on the farm of defendant, C. C. Clements, which he had rented for the year 1907, said note and mortgage being now in the possession of said Triplett's attorney, J. A. Wheat, Esq., in Seymour, Texas, and duly registered in county clerk's office of Baylor County, Texas.

"That said J. T. Ables has left the country, leaving no other property or effects in this State known to plaintiff, and whose residence is now unknown to plaintiff.

"That defendant C. C. Clements, who resides in Baylor County,

as landlord of said J. T. Ables, has $150 of the proceeds of the cotton raised by Ables on said thirty acres of cotton so mortgaged as aforesaid in his possession, which is claimed by said Ables, and also by said Triplett under said mortgage.

"Plaintiff claims that in equity he is entitled to judgment as against W. F. Triplett for balance of said note due him on principal, interest and attorney's fees.

"That he has a right to have the equities between said defendant Triplett and Ables by virtue of the note and mortgage aforesaid ascertained, adjudged and foreclosed on the said proceeds in the hands and possession of said C. C. Clements, and to have the same adjudged to be paid on the amount of the judgment that may be rendered herein in favor of plaintiff, without which plaintiff will be remediless in law to collect his said debt.

"Premises considered, plaintiff prays that citation issue in form of law, that each of said defendants answer this petition, and on final trial for judgment as aforesaid, and for costs of suit, and for all further relief general or special to which he may be entitled."

Our conclusion that a demurrer should have been sustained to the foregoing petition renders it unnecessary to discuss any other question presented in appellant's brief. Conceding that all the facts stated in appellee's petition are true, it by no means follows that appellant would in any manner be liable for Triplett's debt. It is to be noted that the suit is in no manner aided by the writ of garnishment or attachment, but a personal judgment is sought and was obtained against the appellant. The judgment of the County Court is therefore reversed and judgment here entered sustaining a general demurrer as against appellee's petition and dismissing the cause of action.

*Reversed and dismissed.*