BEWLEY v. SIMS.†

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 20, 1912. Rehearing Denied Feb. 24, 1912.)

Fraudulent Conveyances (§ 182*)—Bulk Sale—Liability of Purchaser to Creditor.

Where one purchases a stock of merchandise from an insolvent debtor, without complying with Bulk Sales Law (Gen. Laws, 1909, c. 27) § 1, providing that the sale of an entire stock in bulk shall be void as against creditors of the seller, unless there be certain inquiries, sworn answers, and notices, he is not liable at the suit of a creditor who has not acquired a lien on the merchandise sold; no personal liability being created by such section or implied from section 2, which provides that a purchaser who shall comply with the statute shall not be held accountable to any creditor of the seller.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 568–577; Dec. Dig. § 182.*]

Appeal from Tarrant County Court; Chas. T. Prewett, Judge.

Action by E. E. Bewley against A. J. K. Sims. From judgment for defendant, dismissing the suit, plaintiff appeals. Affirmed.

Geo. Q. McGown, T. A. Altman, and D. M. Alexander, all of Ft. Worth, for appellant. Q. T. Moreland, of Ft. Worth, for appellee.

CONNER, C. J. The court below sustained general and special exceptions to appellant's petition and dismissed the suit as against appellee. The controlling question presented is whether a purchaser of a stock of goods, wares, and merchandise in bulk from an insolvent debtor, without complying with the provisions of the act of the Thirty-First Legislature, known as the Bulk Sales Law, is liable at the suit of a creditor of the insolvent who has not, by attachment, garnishee process, or otherwise, acquired a lien on the merchandise so sold.

The law in question, so far as now material, reads:

"Section 1. That any sale or transfer of any portion of a stock of merchandise otherwise than in the ordinary course of trade in the usual and regular prosecution of the seller's or transferrer's business, or a sale or transfer of an entire stock of merchandise in bulk, shall be void as against creditors of the seller or transferrer unless the purchaser or transferree shall at least ten days before the sale or transfer, in good faith make full and explicit inquiry of the seller or transferrer as.to the name and place of residence or place of business of each and all creditors of the seller or transferrer, and the amount owing to each such creditor by the seller or transferrer, and obtain from the seller or transferrer a written answer to such inquiries, which answers shall be sworn to by the seller or transferrer; and unless the purchaser or transferree at least ten days before the sale or transfer in good faith, notify or cause to be notified personally or by registered mail each of the seller's or transferrer's creditors of whom the purchaser or transferree has knowledge, of said proposed sale or transfer.

"Sec. 2. Any purchaser or transferree who shall conform to the provisions of this act shall not in any way be held accountable to any creditor of the seller or transferrer for any of the goods, wares or merchandise that have come into the possession of said purchaser or transferree by virtue of such sale or transfer."

See General Laws, 1909, p. 66.

In the case before us, appellant alleged that his debtors, against whom judgment has been secured, were insolvent; that appellee knew this fact, and, conspiring with them for the purpose of defrauding their creditors, including appellant, purchased, out of the ordinary course of trade, the whole of

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes
† Application for writ of error dismissed by Supreme Court.

the general stock of merchandise with which the insolvents had been doing a retail business; that appellee made no inquiry for the names and residences of creditors, or gave them, or any of them, notice of the proposed purchase, or otherwise complied with the law quoted. It was further alleged that before appellant discovered the fraud appellee resold the goods to another, and thereby, wholly converted them to his own use; but no character of lien was asserted, other than may be implied from the second section of the act upon which appellant relies.

In Washington and Georgia, under statutes substantially as ours, it is held that a vendee of a stock of goods sold in bulk out of the ordinary course of business, and who purchased without observing the directions of the statute in giving notice to the creditors of the vendor, may be held accountable for the value of the goods. See State ex rel. Weidert v. Superior Court of King County et al., 36 Wash. 81, 78 Pac. 198; Fitz Henry v. Munter et al., 33 Wash. 629, 74 Pac. 1003; Jacques v. Carstarphen Warehouse Co., 131 Ga. 1, 62 S. E. 82. In each of these cases, however, writs of garnishment had been served at the instance of the complaining creditor; and, while some of the general language of the Washington decisions seems broad enough to include creditors generally, on the theory that, the sale being void, the offending purchaser is a trustee for the benefit of all the creditors of the vendor, in none of the states, so far as we have been able to find, has it been held that a mere purchase in bulk, as here, in violation of the statute, renders the vendee personally liable to the creditors of the vendor. In the Georgia Case (Jacques v. Warehouse Co., supra), the vendee, who answered that he had disposed of the goods before the service of the writ of garnishment, was nevertheless held accountable on the ground that, "in contemplation of law, he had the property of the defendant in his hands, because, having purchased the property in fraud of law, without complying with the provisions of the law in relation to sales of property in bulk, he stood in the position of a trustee of the property, responsible to the cestui que trust or the creditors for the disposition of such property."

Under our own authorities, the question seems clear. In the case of Le Gierse v. Kellum & Rotan, 66 Tex. 242, 18 S. W. 509, it was held that even though the sale there under consideration was fraudulent and void under our statute, denouncing conveyances with intent to hinder, delay, or defraud creditors, yet the purchaser was not liable to a creditor without lien, on the ground that the fraudulent vendee had not by the purchase deprived the creditor of any legal right, but merely of an opportunity of exercising a legal right, viz., of making a levy, which, it was said, is too remote. To the same effect is Blum v. Goldman & Son, 66 Tex. 621, 1 S. W. 899, and a yet more pronounced case, possibly, is that of Kessler v. Halff, 21 Tex. Civ. App. 91, 51 S. W. 48, where a demurrer was sustained to allegations seeking to hold liable one charged to have fraudulently converted merchandise, pursuant to a conspiracy with an insolvent debtor. See, also, Brewing Co. v. La Rose, 20 Tex. Civ. App. 575, 50 S. W. 460. The case of Lyons-Thomas Hardware Co. v. Perry Stove Mfg. Co., 86 Tex. 143, 24 S. W. 16, 22 L. R. A. 802, cited by appellant as of contrary effect, merely holds that under our laws an insolvent corporation which had ceased to carry on business had no power to execute a preferential deed of trust; and that hence the grantee therein held the goods in trust for the creditors of the corporation generally. It follows, we think, unless the statute requires a contrary holding, that neither by allegation nor proof did appellant show any legal right of recovery against appellee, Sims.

Appellant insists, however, that, under the act in question, the facts alleged and proven establish in his favor an equitable lien on the property so purchased by Sims and a liability on Sims' part for its conversion. We have not been able to bring ourselves to this conclusion, though it is very forcefully presented in the able brief filed in appellant's behalf. It is true the act declares void any sale such as here alleged; but no trust relation, and no lien upon or right in the property so unlawfully purchased, is specifically conferred upon the vendor's creditors, as would have been so easy, had such been the legislative purpose. Nor do we think such lien or right is to be implied from the second section. We think this section is to be construed as meaning that a purchaser who, in good faith, observes the directions of the act may purchase freely, and in such case takes good title to the goods purchased free from attack by attachment or otherwise. In our judgment, it falls short of imposing any personal liability in any event.

Appellee also attacks the statute as unconstitutional; but this question is unnecessary to our conclusion, and is therefore not determined.

We conclude that the judgment must be affirmed.