### ROSS v. HEAD et al.

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 10, 1912. Rehearing Denied March 9, 1912.)

1. EVIDENCE (§ 442*)—PAROL EVIDENCE.

An oral contract of partnership was admissible in evidence, where it was but part of a more comprehensive, unconflicting whole consisting, also, of a written contract; the rule that parol evidence is inadmissible to contradict the terms of a written contract not applying in such cases.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1874–1899; Dec. Dig. § 442.*]

2. CONTRACTS (§ 273*)—ACTION TO RESCIND —WHEN LIES.

Where an oral partnership contract and a written agency contract were entered into at the same time and supported by one consideration, and there was a breach of the partnership contract by the party receiving the consideration, the other party could not maintain an action to rescind it and recover the whole consideration, and yet retain the rights acquired by him under the agency contract; but his remedy in such case, if any, was by an action for damages.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1194; Dec. Dig. § 273.*]

3. TROVER AND CONVERSION (§ 11*)—RIGHT OF ACTION.

Where the title and possession of a horse passed as consideration for a contract, a party, subsequently seeking to rescind the contract on account of its breach and to recover the consideration, could not hold subsequent purchasers of the horse personally liable as for conversion, even though the horse was fraudulently sold to them.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 95–98; Dec. Dig. § 11.*]

Appeal from Erath County Court; J. B. Keith, Judge.

Action by J. A. Head against J. H. Ross and others. From judgment for plaintiff against Ross, and for the other defendants against plaintiff, Ross appeals. Affirmed in part; reversed and remanded in part.

J. T. Daniel, of Stephenville, for appellant. Chandler & Pannill, of Stephenville, for appellee Head.

CONNER, C. J. This suit was instituted by appellee J. A. Head against appellant, J. H. Ross, in a justice's court of Erath county to rescind a certain contract and recover a certain horse, delivered to appellant as the consideration. Appellee also made parties to the suit W. W. Moore, Jake Moore, and W. S. Looney, to whom appellee alleged appellant, Ross, had fraudulently transferred the horse immediately preceding the institution of the suit. Ross defended on the ground that the horse had been delivered as the consideration for a written contract, to be hereinafter more fully noticed, and the Moores answered that they had purchased the horse in controversy in good faith, and without notice of any defect in the title, and had thereafter sold the same to the defendant Looney. The trial in the justice's court resulted in a judgment in appellee's favor as against Ross, but against him as to the Moores and Looney. On appeal to the county court, there was a like judgment, from which this appeal has been prosecuted.

It appears that on the 20th day of December, 1909, appellant, Ross, had what is termed a "general agency contract" from Coons and Mulkey, who were the patentees of a balancing attachment to windmills and pumps; that under this contract Ross had a right to sell said attachment, and to sell the right to others to sell such attachment; that on the date specified Ross and Head entered into substantially the following agreement: That Ross and Head would act together as partners under Ross' general agency contract and travel together for the term of one year, dividing the profits of all sales made under said contract so owned by Ross. At the same time, Ross, as the agent of Coons and Mulkey, and in their name, executed to appellee Head a written contract, conferring upon Head the right to sell said attachment and to sell rights to others to sell such attachment. The written contract, however, is what is termed in the evidence "a minor contract" and specified a rate of compensation much less than that conferred by the general agency contract owned by Ross. Appellee's insistence was and is that the horse was delivered as the consideration for the partnership contract, which was altogether oral, and that the minor contract was entered into for the purpose merely of acquiring a "model," necessary in the prosecution of the business contemplated. Appellant's contention, on the other hand, is that the horse was the consideration for the written contract, which recited a consideration of $150, the agreed value of the horse.

[1] The principal question discussed before us is whether the oral testimony of the partnership agreement was admissible; the objection being that it contradicts the terms of the written contract. We have not found so much difficulty with this question, however, as, in our judgment, the oral contract of partnership is but part of a more comprehensive, unconflicting whole. In such cases, the rule invoked does not obtain. See Preston v. Breedlove, 36 Tex. 97; Thomas v. Hammond, 47 Tex. 43.

[2] But we think there is error in the judgment for a reason pointed out in the ninth assignment. It is undisputed that the oral and written contracts were entered into at the same time. Both conferred upon appellee rights, not shown to be valueless; and the consideration—the horse delivered—constituted the support for both contracts alike, notwithstanding its only recitation is in the written contract. Under such circumstances, appellee cannot rescind, as he sought to do, if such remedy is available at all, under the facts of this case, the verbal contract and recover the whole consideration, and yet retain the rights acquired by virtue of the written contract. This the judgment of the court enables him to do; and the judgment is, hence, erroneous. We do not wish to be understood as holding that the contracts are so interdependent as that appellee has no right of action for the breach of the partnership contract alone; but in such case the action cannot be for rescission, but for damages, measured by the loss of profits, if any, and there is neither pleading nor proof to support such a recovery.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

[3] Appellee cross-assigns error to the court's finding and judgment in favor of W. W. Moore and Jake Moore; but in this we find no error. In the first instance, the title to the horse unquestionably passed to appellant, Ross, from appellee Head, and it is not pretended that the latter thereafter acquired any character of lien. This being true, W. W. Moore and Jake Moore cannot be held liable personally as for a conversion, even though the horse may have been fraudulently sold to them. See Bewley v. Sims, 145 S. W. 1076, No. 7,236, recently decided by us, and authorities therein cited. See, also, Clements v. Dowdy, 128 S. W. 942.

It is accordingly ordered that the judgment in favor of W. W. Moore, Jake Moore, and W. S. Looney be affirmed, but that the judgment in favor of appellee be reversed, and the cause remanded.

Affirmed in part, and reversed and remanded in part.