PETERSON *v.* RICHMAN.

(*Jackson.* June 29, 1893.)

MARRIED WOMAN. *Title-bond for her separate estate valid without privy examination, when.*

A bond for title by a married woman and her husband, to land conveyed to her for her sole and separate use, "with full power and authority as a *feme sole*" to covey it in any manner, is valid, although there was no privy acknowledgment by her.

Case cited and approved: Sherman *v.* Turpin, 7 Cold., 382.

Cited and distinguished: Jarnigan *v.* Levisy, 6 Lea, 400; Wright *v.* Dufield, 2 Bax., 218; Moseby *v.* Partee, 5 Heis., 30; Robinson *v.* Queen, 87 Tenn., 445.

---

FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County. W. D. BEARD, Ch.

L. W. HUMES for Peterson.

W. W. GOODWIN for Richman.

McALISTER, J. This bill is filed by the next friend of Isabella Peterson, a minor, to recover the possession of a lot in the city of Memphis, which formerly belonged to Annie E. Peterson, the mother of the infant complainant. The specific ground of the relief asked is, that the said Annie

E. Peterson, while a married woman, executed a
title-bond to this lot, which was also signed by
her husband, Nelson Peterson, *but without any privy
acknowledgment by the wife.* The said Annie E.
Peterson acquired this lot by purchase from one
Martin Parker, who executed to her a warranty
deed. The *habendum* clause of the deed is, viz.:
" To have and to hold to the said Annie E. Peter-
son, her heirs and assigns, forever, and for her sole
and separate use, benefit, and behoof, free from the
debts, contracts, control, or liability of her present or
any future husband, and *with full power* and *author-
ity*, as a *feme sole*, to sell and mortgage, devise by
will, or convey in any manner she may see proper."

On June 19, 1886, Nelson and his wife, the said
Annie E. Peterson, executed an instrument to Nels.
Johnson, which, although inartificially drawn, was,
in reality, a bond for title to this land. It com-
mences with the recital that this document is to
show that " we, Annie E. Peterson and Nelson
Peterson (her husband), have agreed to sell to
Nelson Johnson," describing the lot. The consid-
eration is expressed, and further on the instrument
recites, viz.: " Now, it is understood that, should
Johnson pay these notes at maturity, we agree to
make to him, or as he may direct, a deed to said
premises." This instrument is signed by Nelson
Peterson and his wife, the said Annie E., but
there was no privy examination of the wife, and,
for this reason, it is insisted by complainant's
counsel that the instrument is void.

In the case of *Jarnigan* v. *Levisy*, 6 Lea, 400, this Court, speaking through Judge Freeman, said, viz.: "We have repeatedly held that the wife could not bind herself by title-bond, nor could such an obligation be enforced against her."

An examination of this case will show that the land conveyed was a part of the general estate of the married woman, and her conveyance was made without any privy examination.

The next case cited is *Wright* v. *Dufield*, 2 Bax., 218, in which it is said "a title-bond, though duly executed and certified in every respect, is insufficient to pass the title of a married woman in land. Her title can be divested only by the joint deed of herself and husband, executed in compliance with the forms prescribed by law."

This was also a case in which the land conveyed by title-bond was the general estate of the married woman.

In the case of *Moseby* v. *Partee*, 5 Heis., 30, this Court said, viz.: "The next error assigned is that, as M. C. Partee was a married woman when she executed her title-bond, her act was a nullity, and that the decree divesting the title out of her was erroneous. This presents the question whether, under the laws of Tennessee, a married woman can enter into a binding contract to convey her lands at a future time, and upon the performance of specific conditions by the other contracting party. The Court said there is a wide difference between a deed for land and a title-bond. The

one is the evidence of an executed contract; the other is the evidence of an unexecuted contract. The former is evidence that a sale has been made; the latter that a sale is to be made. The one is a sale, and the other a contract for a sale." It was accordingly held in that case that a married woman cannot bind herself to convey her estate of inheritance by title-bond, although her husband joined in the execution of the instrument, and the privy examination of the wife was regularly taken.

None of those cases are to be assimilated to the case at bar, but they are all to be differentiated in this important particular, that here the deed of settlement expressly confers upon the married woman, Mrs. Annie E. Peterson, a technical separate estate, with full power and authority as a *feme sole*, to sell and mortgage, devise by will, or convey in any manner she may see proper. This distinction was recognized by this Court in the case of *Sherman* v. *Turpin*, 7 Cold. It appeared in that case that a lot in the city of Memphis was, by deed, conveyed to Christiana B. Turpin, wife of M. H. L. Turpin, to her sole and separate use, and with power to her, at her pleasure, to sell, convey, devise, or otherwise dispose of the same when she may see proper, as fully as if she were a *feme sole*. It was claimed in that case the deed was void, for the reason that it was executed by the married woman alone, without the joinder of her husband, and certificate of privy acknowl-

edgment as required by law in case of the deeds of married women. This Court, speaking through Judge Andrews, said, viz.: "A married woman may have, in regard to the disposition of her separate estate in lands, the full powers of a *feme sole*, if so expressed in the instrument creating the estate. Conveying as a *feme sole*, under the power conferred by the settlement, her privy examination as a *feme covert* becomes unnecessary. This necessarily follows, and is so held in England, under the statute for the abolition of fines and recoveries."

In the case at bar it will be remembered the husband signed the deed, but there was no privy examination of the wife. It has been supposed that the case of *Robinson* v. *Queen*, reported in 87 Tenn., is in conflict with the views herein expressed. In that case it was held that, under the Act of 1869–70, a married woman owning a separate estate, *where there is no restriction upon her power*, is authorized to convey such estate without her husband joining in the deed, but such conveyance would not be valid unless her privy examination is taken before a Chancellor or Circuit Judge, as provided in the second section of said Act, carried into the Code (M. & V.), § 3347. It will be observed, in that case the Court was dealing with the powers of a married woman with a separate estate, where her power of disposition was not withheld in the deed of settlement, which is an entirely different question from that presented in the case at bar, in which the married woman

is expressly authorized to convey as if she were a *feme sole.*

In *Robinson* v. *Queen*, Judge Fowlkes referred to the fact that the marriage contract in that case did not, in terms, give the married woman the right to convey as a *feme sole*, and in this respect he distinguished that case from the case of *Sherman* v. *Turpin*, 7 Coldwell.

We think the case at bar is controlled by the decision of the Court in *Sherman* v. *Turpin*, and there is nothing in *Robinson* v. *Queen* that militates against this view. It having been determined, then, that Mrs. Peterson, under her deed from Parker, was clothed with full power of disposition as a *feme sole*, it is wholly immaterial whether that power has been exercised in the form of an executed contract, as by deed, or whether her contract is simply executory, as in this case, in the form of a bond for title.

Affirmed.