WILLIAM J. LEMP BREWING COMPANY ET AL. v. EMMA LA ROSE, ADMINISTRATRIX.

Decided March 2, 1899.

**1. Limitations Against Decedent's Estate.**

Limitation does not run against a cause of action arising in favor of an estate after the decedent's death until the appointment of a legal representative or for a year after the death, at least, in the absence of exceptional facts permitting the heir to sue to redress the wrong without an administration.

**2. Same—Temporary Administration.**

The statute of limitations against a cause of action for conversion, arising in favor of an estate after the decedent's death is not put in motion by the appointment of a temporary administrator under an order which merely empowered him to take charge and possession of the estate and all its property, and collect all debts, without expressly empowering him to sue for any of the property the conversion of which is complained of. Rev. Stats., art. 1935.

**3.  Intervention by Creditor in Suit by Estate for Conversion—Fraud.**

A creditor of a decedent's estate should not be allowed to' intervene in an action by the administrator and assert the fraudulency of the transfers under which the defendant claims title to the property which he is charged to have converted, as a creditor has no cause of action for money against one who has converted property conveyed to him by the debtor in fraud of his creditors.

**4.  Same—Evidence of Fraud Prejudicial.**

Defendant in an action by an administrator for the conversion of property is prejudiced by the refusal of the court to dismiss a plea of intervention interposed by a creditor attacking conveyances by the decedent under which the defendant claims title upon the ground that the same were fraudulent as against creditors, and by the admission of evidence of fraud under the plea, although the intervener did not recover.

**5.  Conveyance in Fraud of Creditors.**

A conveyance which is sufficient to pass title can not be attacked or its effect resisted by the legal representative of the grantor after his death on the ground that it was made to defraud his creditors.

**6.  Allegata and Probata—Defense of Title in Another Not Pleaded.**

Defendant in an action by an administrator for the conversion of property of his intestate can not, under the general issue, and without suitable allegation, rebut proof of title in the plaintiff in his representative capacity arising from the possession of the property in the intestate by proof of title in the plaintiff individually, or in a third person, where the answer specially pleaded only that the title was in defendant under transfers from the intestate.

APPEAL from Galveston.  Tried below before Hon. WILLIAM H. STEWART.

*Harris & Harris,* for appellants.

*Jas. B. & Chas. J. Stubbs,* for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—The first ground urged for the reversal of the judgment is, that the cause of action on which plaintiff recovered appeared from the allegations of the petition to have been barred by limitation, and that the court below should have sustained exceptions raising that objection.  The original petition was filed on the 24th day of September, 1896, and alleged that Albert La Rose died August 22, 1895, possessed of certain property which defendants on or about that date had taken and converted to their own use.  The petition named plaintiff as the administratrix, the widow and sole heir of Albert La Rose, and alleged that she had been damaged in the sum sued for.  The capacity in which she sought to recover was thus left very uncertain, and her pleadings stood in this condition until December 22, 1897, when she filed an amended petition, the language of which was somewhat more definite than that of her original petition in showing the right in which she sued, but which was still far from being as certain in this regard as it should have been.

The defendants excepted to the amendment on the ground that the cause of action asserted in behalf of La Rose's estate was then for the first time set up, and was barred by limitation.  The court refused to sustain this exception, but did sustain one which objected to the petition

for its uncertainty in defining the character in which the plaintiff sued. And thereupon, on the 26th day of February, 1898, plaintiff filed an amended petition in which she distinctly sued as administratrix of the estate of La Rose, and sought a recovery in that capacity. The point now urged is, that before the filing of either of the amendments more than two years elapsed after the accrual of the cause of action and that the action was barred.

The same question of limitation arises under the pleadings and the evidence in support of the plea of limitation, and we shall dispose of it in both its aspects at once. Both pleadings and evidence showed that La Rose died August 22, 1895, and that the conversion took place within a day or two thereafter. The statute (article 3368, Revised Statutes) which, upon the death of a person in whose favor a cause of action exists, suspends limitation against the same for a year after such death, or until the qualification of a legal representative, does not apply. That statute has application to causes of action existing when the death occurs. It makes no provision as to limitation against causes of action which may arise after death in favor of those who succeed to the rights of the decedent. But when we turn to the rules of the common law upon the subject, the reason for the adoption of a statutory rule in one case, while none is provided in the other, becomes manifest. One of the general principles recognized by the courts in the construction of statutes of limitation was, that when limitation once began to run, its operation was not impeded by any disability subsequently occurring, but it continued to run after the death of the person to whom the cause of action had accrued; and it was for the purpose of changing this rule the statute was enacted. Another principle of construction was that a cause of action was not to be considered as having accrued when there was no person capable of suing, which was the case when an injury was done to the estate of a person after his death and before the qualification of his legal representative. During this interval, or for a year after the death, limitation has been generally held not to run. When the legal representative qualifies his title relates back to the time of the death of the owner of the estate and connects itself with the title of such owner. Davis v. Dixon, 61 Texas, 449; Life Association v. Goode, 71 Texas, 97; Wood on Lim., p. 8, note 2; pp. 11-13, note 4; Angell on Lim., secs. 54, et seq.; 13 Am. and Eng. Enc. of Law, p. 737, and notes.

The statute made no change in this rule, but provided that a like rule should apply when a cause of action existed in favor of deceased at the time of his death. It is true that, by the common law, the title to the personal estate vested in the legal representative and not in the heir, and a cause of action for injury to such property would not therefore accrue to the heir, and there was thus a reason for holding that there was no one capable of prosecuting such a cause of action somewhat broader than can exist under our law, where the title to the personalty descends to the heir. In some cases the heir may sue for his own protection, and we do

not find it necessary to determine what would be the rule if the facts were of that exceptional character in which the heir is permitted to sue to redress the wrong without an administration. It is plain that no such facts existed here, and that the cause of action was one which, in the condition of La Rose's estate, could be asserted by an administrator alone. It was made to appear that a short while after La Rose's death a temporary administrator of his estate was appointed and qualified, and it is urged that he could have sued, and hence the statute was put in motion. The order appointing him gave him power to take charge and possession of the estate and all its property and effects, to collect all debts and outstandings owing to it, and to safely care for, keep, and preserve same. No power is expressly given to sue for any of the property mentioned, and, by the statute, such an administrator is forbidden to exercise any powers except those explicitly and clearly expressed in the order. Revised Statutes, art. 1935. Certainly the powers enumerated can not, under this provision, be held to include power to sue for damages for conversion of property. Excluding a year after La Rose's death, less than two years elapsed before the filing of the amendment of February, 1897, and the cause of action for recovery of the value of property belonging to the estate was not then barred. We think, however, that the court below correctly held that the action was first commenced in behalf of the estate by the amendment of December 22, 1897.

Plaintiff, by the amendment of December 22, 1897, alleged that defendants asserted title to the property in controversy under bills of sale executed by La Rose before his death, and charged that they were simply mortgages executed to secure debts, and also that they were executed for the purpose of defrauding La Rose's creditors. To the last allegation the court sustained an exception, urged by defendants, on the ground that plaintiff as administratrix could not attack her intestate's conveyance upon such a ground. In her amendment of February, 1898, plaintiff omitted the allegations as to fraud, but repeated those to the effect that the bills of sale were only mortgages. Thereafter the court permitted Levy, Rosenberger & Co., judgment creditors of La Rose, to intervene, setting up the fraud of La Rose in the execution of the conveyances, and asking, upon that ground, that judgment for the money prayed for by plaintiff be rendered in her favor as administratrix, for the benefit of the creditors of the estate. The overruling of their exceptions to and motion to strike out this plea forms the subject of appellants' next contention. The assignments based upon these rulings must be sustained. There was no effort by either plaintiff or the interveners to uncover and subject to debts the property which had been alienated by La Rose, but both sought to recover money for its conversion. For this the creditor had no cause of action. A creditor may maintain a suit to set aside conveyances of property made by his debtor in fraud of creditors, even after the death of the debtor, for the purpose of reaching and subjecting the property conveyed. But that is not the character of this proceeding, and had it been, the cause of action asserted by the

creditor would have been of an entirely different nature from that presented by the administratrix, and to it the latter would not have been a proper party plaintiff. Willis v. Smith, 65 Texas, 658.

That the creditor has no cause of action for money against one who has converted property conveyed to him by the debtor in fraud of his creditors is expressly held by our Supreme Court. Blum v. Goldman, 66 Texas, 622; Le Gierse v. Kellum & Rotan, 66 Texas, 242.

The plea of intervention not showing any cause of action, should have been dismissed. Since, however, the interveners did not recover, it becomes necessary to determine whether or not it can be said that defendants were not injured by the error in retaining them. We think the record shows the contrary. The charge of the court, which we examined for the purpose of determining the effect given to the intervention, though it is not assigned as error, instructed the jury to find for plaintiff if the bills of sale were fraudulent as to creditors, and permitted a verdict for defendant only in case they were made in good faith. This was evidently produced by the presence of the creditors, and their allegations in the case, as is made evident by the fact that all allegations of fraud in plaintiff's pleadings had been expunged under the ruling on exceptions. The plaintiff, if she could maintain her action on such ground, had no pleadings to entitle her to do so. Evidence tending to show fraud had been admitted under the allegations of the intervenors, and as it was made effectual by the charge, it is impossible to hold that no harm was done by allowing the intervention.

We think, besides, that it is thoroughly settled by our decisions, that a conveyance which is sufficient to pass title can not be attacked or its effect resisted by the legal representative of the grantor, on the ground that it was made to defraud his creditors.

It was indeed held in Hunt v. Butterworth, 20 Texas, that if the fraudulent grantor remains in possession of the property at his death, the legal representative may assert title to it, as assets, as against the grantee. But if the conveyance executed were sufficient to pass legal title, later decisions necessitate the conclusion that the fact that the grantor has remained in possession will not enable him to defeat a recovery by the grantee; and if the grantor can not do so, it logically follows under the decisions that his legal representative can not. Hoeser v. Kraeka, 29 Texas, 450; Miller v. Koutze, 70 Texas, 162; Kerr v. Hutchins, 46 Texas, 389; Wilson v. Demander, 71 Texas, 605, 606.

Among the property mentioned in the petition as having been converted was an iron safe and some money which defendants found in it and took. It was alleged that of this about $300 were held by La Rose on deposit for another to whom he was liable. Evidence was introduced tending to show that a package containing $290 belonging to plaintiff individually had been delivered by her to her husband for safe keeping; that it was in the safe when defendants opened it, and was among the money which they took. Other evidence tended to rebut this, as well as

to show that none of the money taken was so separated from the balance that it could be identified as the property of Mrs. La Rose.

The defendants asked the court to charge the jury that plaintiff as administratrix could not recover this money.

It is true that the petition showed no cause of action other than that set up as administratrix, and plaintiff could only recover on her title as such. If La Rose before his death had converted his wife's money to his own use or had so confused it with his own as to prevent an identification of it, he thereby became indebted to her for the amount, and the money taken by defendants would consequently have to be treated as belonging to his estate, and in that case his administratrix would have the right to recover it as well as the other property. If, however, specific money belonging to Mrs. La Rose was in the safe and was taken by defendant, the question might become more complicated. We are inclined to the opinion that on this view of the facts the pleadings of defendants are not sufficient to raise the question sought to be made. The petition alleges title in La Rose's estate, and the answer, besides putting such title in issue, in effect alleges title in defendant under the bills of sale, both to the property and to the money as proceeds of the business conveyed. Since plaintiff's title as administratrix relates back and connects with that of La Rose, if she succeeded in showing possession of the money in La Rose she established her title sufficiently to recover it, unless defendant rebutted the effect of such possession. Their pleadings entitled them to so rebut by showing title and possession in themselves, but if they failed in this they were not entitled, under the general issue, to attack plaintiff's title arising from possession by evidence of title in another. This would require a special pleading to support it. Carter v. Wallace, 2 Texas, 206. So long as the case stands thus, we think that, if La Rose were found to have been in possession for himself and not for defendants (which was a controverted question) plaintiff would be entitled to recover the money as well as the other property, unless defendants maintained their claim of title. Since evidence of title in another could not in this state of the pleadings properly come into the case, the point sought to be made, that inasmuch as such owner would be barred by limitation from recovering the money, the administratrix would likewise be barred, does not properly arise.

We see no error in the rulings attacked in the admission and exclusion of evidence. None of the other questions raised by assignments require especial notice, no other questions being raised which will probably affect another trial. Reversed and remanded.

*Reversed and remanded.*