## LAURA HUNTER v. EUNICE MAGEE ET AL.

Decided January 26, 1903.

**1.—Fraudulent Conveyance—Right of Devisee to Impeach.**

Where a second wife, claiming the land as the homestead of her deceased husband and as his sole devisee, brought suit therefor against the heirs of the first wife, is was incompetent for her to impeach a deed of the land made by the husband to the former wife and reciting a valuable consideration, upon the ground that such deed was in fraud of creditors.

**2.—Same—Husband and Wife—Possession—Homestead.**

Where the husband conveyed homestead land to his wife for a consideration received by him from her separate estate, his possession of the premises thereafter was not adverse to her.

Appeal from the District Court of Harris. Tried below before Hon. Wm. H. Wilson.

*J. M. Gibson,* for appellant.

*Brashear & Danenbaum,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—This is an action of trespass to try title. Both parties claim title to the land in controversy through Thomas J. Hunter, deceased. Appellant, who was the second wife of Thomas J. Hunter, claims the land by virtue of her homestead rights and as sole devisee under the will of said Hunter. Appellees are heirs and devisees of Josephine B. Hunter, deceased, the first wife of said Thomas J. Hunter. The land in controversy is a part of a tract acquired by Thomas J. Hunter as his separate property prior to the 13th day of January, 1868. On that date last mentioned Thomas J. Hunter conveyed to his then wife, Josephine B. Hunter, all of said land except his homestead of 200 acres. This deed recites a consideration of $4125, received by the grantor from the separate estate of his wife, the grantee therein. On August 9, 1880, Thomas J. Hunter conveyed to Josephine B. Hunter the 200-acres homestead, reciting as a consideration $7500, received by him as proceeds of the sale by himself and wife of 500 acres of the land theretofore conveyed by him to his said wife. These deeds were duly acknowledged and filed for record on the respective dates of their execution. Josephine B. Hunter died April 20, 1881, and appellant married Thomas J. Hunter on June 7, 1890.

Josephine B. Hunter, by her last will, bequeathed all of her property to her four children and her husband in the proportion they would inherit same had she died intestate, and named Thomas J. Hunter as executor of the will. Thomas J. Hunter, as executor of this will, conveyed to two of Mrs. Hunter's children their interest in the property. Appellees are the two remaining children of Josephine B. Hunter.

Thomas J. Hunter died November 20, 1900. By his last will, which was duly probated, he bequeathed all of his property to the appellant.

The land in controversy contains 277 acres, and was occupied by Thomas J. Hunter as a homestead from 1876 to the time of his death.

This suit was instituted by appellees on the 18th day of December, 1900, and by sequestration proceedings appellant was ousted, and failing to give a replevy bond, appellees obtained possession of the property. In the court below appellant, in addition to a plea of not guilty, specially pleaded that the deeds from Thomas J. Hunter to Josephine B. Hunter, under which appellees claim, were fraudulent and void; that the considerations named in said deeds were false and fictitious; that said deeds were executed by the said Thomas J. Hunter for the purpose of defrauding his creditors, and that the said Josephine B. Hunter knew of and participated in said fraud.

To this answer the appellees interposed the following exceptions: "For special exception plaintiffs say that said answer is insufficient in so far as it attacks and asks to set aside for fraud upon his creditors the conveyances executed by Thomas J. Hunter to J. B. Hunter, the mother of these plaintiffs, dated October 10, 1867, and August 9, 1880, conveying the land in controversy, because it appears from said answer that the defendant is not claiming said land nor a lien thereon as a creditor of said T. J. Hunter, nor is she seeking to enforce such a lien. (2) It appears from said answer that defendant claims said land as surviving widow of Thomas J. Hunter and sole devisee of said Hunter, and is therefore estopped from attacking said conveyances as having been executed in fraud of his creditors. Wherefore plaintiffs pray the court to strike out so much of said answer as alleges a fraudulent consideration of said deeds and seeks to set them aside.

"Plaintiffs further specially except to said answer, in so far as defendant claims the property in controversy as the surviving widow and sole devisee of T. J. Hunter, for the reason that the said T. J. Hunter by deeds above referred to, and as admitted in said answer, conveyed said property to his first wife, and the defendant is estopped from setting up a title subsequently acquired through the same grantor, plaintiffs move to strike out," etc.

These exceptions were sustained, and upon a hearing of the cause upon its merits by the court below without the intervention of a jury, judgment was rendered in favor of plaintiffs for the land sued for, and against defendant on her claim for damages for the wrongful suing out of the writ of sequestration, from which judgment the defendant below prosecutes this appeal.

On the trial appellant, being upon the stand, was asked by her counsel if she knew the financial condition of Thomas J. Hunter from 1876 up to the time of his death, and if he was not insolvent during all of that time. Appellees objected to these questions on the ground that the testimony sought to be elicited thereby was irrelevant and immaterial. These objections were sustained by the court. Appellant then offered in evidence, for the purpose of showing the financial condition of Thomas

J. Hunter at the time of the execution of the deeds to Josephine B. Hunter, an unsatisfied judgment for $1145.89, obtained against Thomas J. Hunter by T. W. House in the District Court of Harris County on March 29, 1878. Objections of appellees to this evidence on the ground of irrelevancy was also sustained.

Under appropriate assignments of error the appellant assails the rulings of the trial court upon the exceptions to the answer and the offered testimony above set out. None of these assignments can be sustained. It is well settled that a grantor in a deed executed for the sole purpose of defrauding the creditors of such grantor can not recover the property from the grantee on the ground of want of consideration. Such grantor is not permitted to profit by his fraud. He can not, in the language of our Supreme Court in the case of Hoeser v. Kraeka, 29 Texas, 450, "say to the creditor that the property belongs to the grantee, having been purchased by him for a valuable consideration, and that the purchaser holds a regular deed therefor executed, delivered and recorded, and at the same time say to the grantee that the deed was fraudulent; that no consideration actually passed, no delivery really took place, and that these facts were merely acknowledged for the purpose of putting the property beyond the reach of creditors." A court of equity will not interfere to relieve such grantor from the consequences of his own fraudulent act, and he can not invoke the assistance of the courts to enable him to profit by his wrongdoing. Farrell v. Duffy, 5 Texas Civ. App., 438.

It is equally well settled that the heir or vendee of such fraudulent grantor is entitled to no more consideration from the courts than the fraudulent grantor. To hold otherwise would in great measure defeat the object sought to be obtained by the refusal of the courts to relieve the fraudulent grantor, and would tend to encourage rather than deter debtors from disposing of their property for the purpose of defrauding their creditors. Eastham v. Roundtree, 56 Texas, 114; Brewing Co. v. La Rose, 20 Texas Civ. App., 575, 50 S. W. Rep., 460.

The application of this principle of the law is in no way affected by the fact that the grantee was the wife of the fraudulent grantor, and fully understood and acquiesced in the fraud, nor by the further fact that the husband and grantor retained possession of the property. His possession was in no sense adverse to hers, but under the law which gives him the right to the possession and control of her separate property, she could only hold possession through her husband, or at least she could not hold possession as against him. The deeds from Thomas J. Hunter reciting a consideration moving from the separate estate of his wife, the property thereby conveyed would prima facie become her separate property.

The only fraud alleged in the petition in this case being such as the appellant will not be heard to assert, there is nothing in the pleading or evidence impeaching the recitals in said deeds, and their effect was to place the title to the land in controversy in Josephine B. Hunter as her separate property. Had the deeds not recited a consideration moving

from the separate estate of the wife, their prima facie effect would have been the same, even had the property at the time of such conveyance been community property. Story v. Marshall, 24 Texas, 306; Frank v. Frank, 25 S. W. Rep., 819.

It follows that the appellant, as the second wife of Thomas J. Hunter, acquired no homestead right in said property, and the title to same having vested in the appellees as devisees under the will of Josephine B. Hunter, the trial court properly rendered judgment in their favor for the title and possession of the land, and said judgment is in all things affirmed.

*Affirmed.*