P. A. FUNKHOUSER, Admr., *v.* MARGARET FOWLER *et al.*

*(Knoxville.* September Term, 1906.)

1. **MARRIED WOMAN.** Separate estate. Created by deed from husband.

   A conveyance executed by a husband to his wife during the marriage relation creates a separate estate in the wife without any words expressly indicating an intention to create such an estate.

   Case cited and approved: Barnum v. Lemaster, 110 Tenn., 653.

2. **SAME.** Same. No privy examination necessary if powers of feme sole conferred by deed.

   If land be conveyed to a married woman as her separate estate, with an absolute power of disposition as a *feme sole* conferred by the instrument creating the estate, she may convey it without a privy examination.

   Cases cited and approved: Sherman v. Turpin, 7 Cold., 382; Peterson v. Richmond, 93 Tenn., 71.

3. **SAME.** Same. Deed of, void without privy examination when powers of feme sole not expressly conferred.

   A deed made by a married woman, without privy examination, for land held by her under a deed from her husband, which latter deed does not expressly confer upon her the power to convey said land as a *feme sole*, is ineffectual to pass title to the land.

   Code cited and construed: Sec. 4246 (S.); sec. 3350 (M. & V.); secs. 2484-2486 (1858).

   Case cited and approved: Robinson v. Queen, 87 Tenn., 445.

---

FROM COCKE.

---

Appeal from the Chancery Court of Cocke County.— HAL H. HAYNES, Chancellor.

W. J. & W. D. McSween and H. N. Cate, for Funkhouser.

B. W. Hooper, for Fowler et al.

---

Mr. Justice Wilkes delivered the opinion of the Court.

The husband, during coverture, made a deed to his wife for land, with general covenants of warranty. She afterwards reconveyed this land to him, but her privy examination was not taken, nor the certificate made, in the manner and as required by law. Both have died, and the present controversy is between the heirs of the husband and the heirs of the wife as to the ownership of the land; that is, whether it became the property of the husband by the imperfect deed of the wife to him, and descended to his heirs, or whether it remained in the wife, notwithstanding the deed, and at her death descended to her heirs.

In *Barnum* v. *Lemaster,* 110 Tenn., 653, 75 S. W., 1045, 69 L. R. A., 353, it was held by this court that a conveyance executed by a husband to his wife during the marriage relation, creates a separate estate in the wife, without any words expressly indicating an intention to create such an estate.

We have in the case at bar, therefore, a conveyance which vested a separate estate in the wife, but did not by any express words give her any power of absolute disposition, or as if she were a *feme sole.*

It has been held by this court that if such absolute power of disposition has been expressly conferred in the instrument creating the estate, giving the wife full power and authority to dispose of the same as a *feme sole*, she may convey it without any privy examination. *Sherman* v. *Turpin*, 7 Cold. (Tenn.), 382. In accord, see *Peterson* v. *Richmond*, 93 Tenn., 71, 23 S. W., 53.

Our statutes provide that all married women, over twenty-one years of age, owning a separate estate settled upon them and for their separate use, shall have and possess the same power of disposition, by deed, will, or otherwise, as if unmarried, provided privy examination to any deed, mortgage, or other conveyance shall be taken, etc. Shannon's Code, sec. 4246.

It is only where the instrument under which she holds confers upon her the absolute power of disposition as a *feme sole* that the privy examination can be dispensed with; but where she holds such separate estate under the statute, and without this absolute power of disposition as a *feme sole*, she can only convey when her privy examination is taken.

In the case of *Robinson* v. *Queen*, 87 Tenn., 445, 11 S. W., 38, 3 L. R. A., 214, 10 Am. St. Rep., 690, the husband had conveyed to the wife, not by an ordinary waranty deed, as in the case at bar, but to her sole and separate use, with power to convert the same into personalty, by express terms; but the court held that her privy examination was nevertheless necessary.

We are of opinion, therefore, that, the privy examina-

tion of the wife not having been taken to the deed by her to her husband in the manner prescribed by law, it was ineffectual to pass the land to the husband, and upon the death of the wife it would go to her heirs or devisees.

This was the holding of the chancellor and of the court of chancery appeals, and in such holding we think that there was no error; and the decree of the court of chancery appeals is affirmed.