**FADELL et al. v. TAYLOR et al.** (No. 7989.)

(Court of Civil Appeals of Texas. Galveston. March 4, 1921. Rehearing Denied March 24, 1921.)

**1. Fraudulent conveyances ⬅172(2)—Cannot be set aside by grantor or his personal representative or heirs after his death.**

Where father conveyed land to a third person, who in turn conveyed it to a son, to defraud the father's creditors, neither the father, or on his death his personal administrator or heirs, could have the deed to son set aside because of its fraudulent character; the deed being valid as to all persons except father's creditors.

**2. Fraudulent conveyances ⬅24(1)—Owner may not create trust in favor of third persons to defraud creditors.**

An owner of land may not create a trust in favor of third persons to defraud his creditors.

**3. Evidence ⬅383(7)—Proof that consideration was paid unnecessary where bond for title recited receipt of cash consideration.**

Where bond for title recited receipt of cash consideration. it was not necessary to prove that the consideration named was actually paid.

Appeal from District Court, Anderson County; John S. Prince, Judge.

Suit by L. B. Taylor against Addie Griffith Fadell, Toufie Fadell, Willie Taylor, Mrs. Jessie Bell Lambert, Ed. Lambert, and others. Judgment for plaintiff, and named defendants appeal. Affirmed.

W. R. Petty, Johnson & Gregg, and Seagler & Pickett, all of Palestine, for appellants.
Swift & Cotten, of Palestine, for appellees.

LANE, J. This is a suit of trespass to try title brought by appellee, L. B. Taylor, against appellants, Miss Willie Taylor, Mrs. Addie Griffith Fadell and her husband, Toufie Fadell, Mrs. Jessie Bell Lambert and her husband, Ed. Lambert, and others who are not appellants, the further mention of whom is unnecessary, to recover a certain 160 acres of land situated in Anderson county, Texas.

The appellants, defendants in the lower court, answered by plea of general denial and not guilty and by special plea that W. W. Taylor, at the time of his death, was the owner of the land described in the plaintiff's petition, "and that he, W. W. Taylor, departed this life intestate, leaving surviving him as his only heirs the plaintiff, L. B. Taylor, and the defendants Mrs. Addie Griffith Fadell, Jessie Bell Lambert, and Willie Taylor, whereupon the plaintiff and these defendants by descent became the owners in fee simple and tenants in common of the lands and premises described herein and in plaintiff's original petition, and since said date the plaintiff and these defendants have been and are now the joint owners in fee simple and tenants in common of the land and premises, the plaintiff, L. B. Taylor, and the defendants Mrs. Addie Griffith Fadell, Mrs. Jessie Bell Lambert, and Willie W. Taylor being each the owner of an undivided one-fourth interest in said described tract of land and premises." Their prayer was for a judgment for an undivided three-fourths of said land and for a partition thereof.

The case was tried before the court without a jury, and judgment was rendered in favor of the plaintiff, L. B. Taylor, for the land sued for as against all the defendants. From such judgment Addie Griffith Fadell and her husband, Toufie Fadell, Jessie Bell Lambert and her husband, J. E. Lambert, and Miss Willie W. Taylor have appealed.

It was shown that W. W. Taylor, father of appellee and appellants, held the land sued for under a bond for title executed by John A. Davis and wife, Mary H. Davis, and that all parties claim through and under W. W. Taylor—the plaintiff by virtue of a transfer of the title bond from W. W. Taylor, executed by Davis and wife to him; and the defendants Fadell, Lambert, and Willie Taylor as heirs of W. W. Taylor.

Upon request therefor the trial court found substantially as follows:

First. That W. W. Taylor transferred the bond for title to the land executed by Davis and wife to one Daniel P. Little, and such transfer was made for the purpose of placing the land beyond the reach of W. W. Taylor's creditors.

Second. That Daniel P. Little transferred said bond for title to the plaintiff, L. B. Taylor, who was at the time a minor son of W. W. Taylor; that such transfer was made under the direction of W. W. Taylor, who was the real owner of the land; that such transfer was made to place the land beyond the reach of the creditors of W. W. Taylor, and to place the title thereto in L. B. Taylor for the benefit of himself and his sisters, appellants Mrs. Fadell, Mrs. Lambert, and Miss Willie Taylor.

Third. That L. B. Taylor had no actual

knowledge of the existence of the transfer of the bond for title to him nor laid any claim to the land until just before he filed this suit.

Fourth. That W. W. Taylor claimed the land in question from 1886 up to the time of his death in 1911.

Fifth. That a negro by the name of Bob Chase occupied the land from October, 1897, up to and including the year 1903 under an executory contract of purchase entered into between himself and W. W. Taylor.

Sixth. That after the death of W. W. Taylor in 1911 plaintiff and defendants claimed the land jointly and equally as heirs of W. W. Taylor, and divided the rents therefrom equally until just before this suit was filed, and that they jointly disposed of timber thereon and divided the proceeds equally among themselves from a sale thereof.

Seventh. That the consideration recited in the transfer of title bond from W. W. Taylor to Daniel P. Little was $650, but that such recited consideration was never in fact paid.

From the facts stated, the trial court filed the following conclusions of law: That the title to the land in question was placed or caused to be placed in L. B. Taylor by W. W. Taylor for the purpose of defrauding the creditors of W. W. Taylor, and therefore a plea of failure of consideration to support the conveyance is not available to appellants, that L. B. Taylor has the legal title to the land, and that appellants cannot under the circumstances successfully assert that appellee held any part of the land in trust for them.

The correctness of the fact findings of the court are not excepted to or challenged by either party.

By the first, second, third, and fourth assignments appellants insist that the court erred in his conclusion of law in that: (1) The evidence shows that the plaintiff acquired no legal title to the land in controversy through the bond for title transferred by Daniel P. Little to him, and therefore the rule of law which prevents a grantor from recovering back real estate conveyed by him in fraud of his creditors does not apply to the facts of this case; that such rule applies only where the legal title passed from the grantor to the grantee. (2) The court found that the bond for title by Daniel P. Little to L. B. Taylor was made at the request of W. W. Taylor, the father of plaintiff and defendants, for their joint benefit, and hence such transfer of the bond for title inured to the benefit of all of said parties jointly and equally, neither of appellants having participated in said fraudulent transfer; that, where, as in this case, the father conveys land in fraud of creditors to one child for the joint benefit of several children, though not shown by the conveyance, that would not prevent those for whose benefit the conveyance was made from recovering their interest in the land conveyed, after the death of the father; that the trustee under such circumstances cannot assert title in himself as against the cestui que trust. (3) The evidence shows that no consideration was paid by Little to W. W. Taylor for the bond for title, and therefore no legal or equitable title ever passed from Taylor to Little. (4) The evidence shows that L. B. Taylor never paid any consideration for the conveyance to him, but that the father paid to Little the consideration recited in the conveyance from Little to L. B. Taylor, and hence L. B. Taylor acquired no title by reason of such conveyance.

The facts as found by the court clearly present a case in which the brother is taking advantage of a rule of law, established to prevent fraud, to withhold from his sisters property which should be theirs, and while to uphold his contention seems harsh, we are compelled under the facts proven and decisions of our courts to overrule all the contentions of appellants.

There is nothing in the pleadings of appellants asserting a trust in their favor, but, to the contrary, they allege that they own an undivided three-fourths of the land in controversy through inheritance from their father, W. W. Taylor, who died intestate.

[1, 2] We think that the conveyance from Little to L. B. Taylor on its face was sufficient to pass title to the land in controversy to L. B. Taylor, and that it cannot be attacked, or its effect resisted, by the legal representatives of W. W. Taylor, the grantor of Little; for, if the conveyance is sufficient to place the property beyond the reach of W. W. Taylor's creditors, it cannot be set aside by the heirs of such grantor. A conveyance of this nature can be attacked only by creditors. It is valid as to all other persons and cannot be set aside by the fraudulent grantor, nor by his heirs after his death. An owner of land may not create a trust in favor of third persons to defraud his creditors. Roth v. Schroeter, 129 S. W. 203.

The case of Roth v. Schroeter, supra, is a case involving similar facts as the case at bar, and expressly holds that this parol trust which they are asking to be ingrafted here cannot be enforced. What the appellants ask is not authorized nor countenanced by law. We quote this case as follows:

"Inasmuch as the appellants are the heirs of Christian Schroeter, and all of them, except Louis and Otto, base their right to recover upon inheritance from him, they cannot avoid their ancestor's deed to his wife, Alvina, upon the ground that it was made for the purpose of defrauding his creditors so as to let in title by inheritance. As to that matter, they stand just as he would were he alive and invoking a court of equity to annul his deed on that account. Equity has no healing balm for the

fraudulent acts of any one, nor will it salve them over for his or his children's enjoyment. Brewing Co. v. La Rose, 20 Tex. Civ. App. 575, 50 S. W. 460; Hunter v. Magee, 31 Tex. Civ. App. 304, 72 S. W. 230; Wilson v. Demander, 71 Tex. 603, 9 S. W. 678; Dittman v. Weiss, 87 Tex. 620, 30 S. W. 863. Louis and Otto are the only ones who seek to recover upon the theory that Alvina Sinast took the legal title to the land described in the deed from their father to her charged with an equitable title in their favor. If the deed referred to was made for the fraudulent purpose of defeating the grantor's creditors, the principle above enunciated is applicable. Eastham v. Roundtree, 56 Tex. 110. A trust sought to be created by the grantor can no more be ingrafted upon his fraudulent deed than can be a sound stem upon a rotten trunk. The one will not survive and fructuate in equity, nor can the other by nature. An express parol trust to be ingrafted upon an absolute deed must be specifically and clearly declared by the grantor, so that it may be executed by the trustee or enforced by the law. The courts cannot create and enforce an express trust. It must be created by the expression of the grantor himself, and can be by no one else."

The holding in the case from which we have just quoted is peculiarly applicable to all phases of the present case and should control the disposition of the issues presented by assignments 1 to 4, inclusive.

[3] By the fifth assignment it is insisted that the trial court erred in concluding that the plaintiff was entitled to recover the land in controversy, for the reason that there is no evidence to show that the consideration named in the title bond from J. A. Davis and wife to Sarah M. Neely was ever paid to any one, and hence said bond for title cannot be the basis for any kind of title in plaintiff.

Two complete answers may be made to the proposition. The first is the bond for title executed by Davis and wife to Sarah Neely recites the receipt of the cash consideration named in the instrument, and the second is that, after W. W. Taylor had conveyed the land to Daniel P. Little, and after Little had conveyed same to L. B. Taylor, Davis and wife conveyed it to W. W. Taylor, thus putting the legal title in W. W. Taylor, and as W. W. Taylor had conveyed same to Little and Little to L. B. Taylor, such after-acquired legal title of W. W. Taylor passed and inured to the benefit of L. B. Taylor, who held under W. W. Taylor.

What has been said disposes of all the contentions made by appellants, and it is apparent therefrom that we have reached the conclusion, though reluctantly, that the judgment should be affirmed; and it is so ordered.

Affirmed.

#### On Motion for Rehearing.

On page 1 of the statement of facts we find the following recital:

"Plaintiff next offered in evidence two 'bonds for title,' one dated October 1, 1867, by John A. Davis and wife, Mary H. Davis, to Sarah M. Neely."

This recital is followed by a copy of a bond for title signed by John A. Davis and Mary H. Davis.

In the original opinion we stated that it was shown that W. W. Taylor held the land sued for under a bond for title executed by John A. Davis and wife, Mary H. Davis.

Appellants have filed their motion for rehearing and insist that our finding that Mary H. Davis was the wife of John A. Davis is incorrect, and for the first time direct our attention to the testimony of John A. Davis, saying that Mary H. Davis was the wife of Bradford Davis. There was no contention that John A. Davis and Mary H. Davis could not convey the title to the land to W. W. Taylor, whether they be husband and wife or not, and therefore, copying from the statement of facts the recital "that the bond for title was executed by John A. Davis and wife, Mary H. Davis," and our finding that the bond was so executed, could in no manner affect the conclusion reached by us.

The motion is overruled.