## J. M. RADFORD GROCERY CO. et al. v. MATTHEWS.

### No. 4461.

Court of Civil Appeals of Texas. Amarillo.

Sept. 9, 1935.

Rehearing Denied Oct. 7, 1935.

Berry, Warlick & Gossett, of Vernon, for appellant.

J. Shirley Cook, of Vernon, for appellee.

MARTIN, Justice.

This is a conversion case. The suit was brought by appellee, hereafter referred to as the wife, against her husband and his creditor, the appellant, referred to hereafter as the grocery company, for the alleged conversion of her separate property, sold under execution by virtue of a judgment obtained against the husband. Seventeen special issues were answered by the jury. Two of these are:

"Special Issue No. 10:

"Do you find from a preponderance of the evidence in this case that prior to the 24th day of February, 1931, the defendant D. C. Matthews purchased and turned over to the plaintiff Mattie E. Matthews as her separate property one cash register, one Burroughs adding machine, one 'Worlds Best' computing counter scales, bronze or gold color, one counter scales, Toledo, White? Answer: Yes."

"Special Issue No. 17:

"Find and state in Dollars and Cents from a preponderance of the evidence in this case the reasonable value of the personal property described in paragraph 7 of plaintiff's petition and also specifically described in special issue No. 10 of this charge on December 15, 1931? Answer: $500."

The substance of other material issues submitted and answered is that the wife inherited an estate of $600 from her father and mother, and that she received as a gift from her husband an additional estate of $500; that at the time of these transactions her husband was solvent; that she loaned this money to her husband; that he purchased and turned over to her the property described in issue 10 in payment of this obligation, and that she owned this property in her separate right; that the grocery company was informed when it made its levy that said property belonged to the wife. Judgment was entered upon these findings in favor of the wife against the grocery company for $500, with 6 per cent. from the date of the levy.

There are many references to a chattel mortgage, but, since the above justified and authorized a judgment for $500, regardless of said mortgage, we omit any detailed reference to this for the sake of brevity.

The sufficiency of the evidence to support said findings is challenged. We overrule this. The record without contradiction shows the inheritance mentioned. An issue at least existed as to the other matters. No useful purpose would be served by detailing such evidence, it seems, since it very clearly to us supports the verdict returned.

It was apparently claimed by the grocery company that the husband had executed a chattel mortgage to it covering the property in controversy, though such instrument does not specifically describe the above items. The wife also held a note, secured by a chattel mortgage on property in part covered in the said mortgage of the grocery company. She joined her husband with the grocery company, asking for judgment on her note and a foreclosure of her mortgage and for damages against the grocery company. It is here urged that the trial court erred in refusing to sustain its plea in abatement, alleging misjoinder of parties, etc. We do not think the trial court abused his discretion in overruling such plea. The relation of the husband to the entire transaction was such as to justify the court's action in our opinion. A development of the entire transaction, involving both phases, was proper and in this case was done. We are not able to perceive how

the grocery company was injured, and, if error was committed, same appears to be harmless. See 1 Tex. Jur. pp. 660 and 661; Lemp Brewing Co. v. La Rose, 20 Tex. Civ. App. 575, 50 S. W. 460; Clegg v. Varnell, 18 Tex. 294; Finegan v. Read, 8 Tex. Civ. App. 33, 27 S. W. 261, 263; Mateer v. Cockrill, 18 Tex. Civ. App. 391, 45 S. W. 751, 753.

■ Other propositions in the brief filed by the grocery company are not sufficient to require consideration. We copy one of these: "Where the ultimate fact issue, or issues, in a case can be found by a jury only by the court defining the term or phrase constituting such ultimate issue, or by the court submitting the different fact elements going to make up the ultimate fact issue, or by both, in such case it is the duty of the court to submit such elements of the ultimate fact issue, or fully define the term or phrase, that the jury may find the ultimate fact issue."

The proposition is only an abstract statement of the law, applicable to any case. 3 Tex. Jur. p. 880; Leatherwood v. Stephens (Tex. Civ. App.) 13 S.W.(2d) 726; Texas & P. Ry. Co. v. Middleton, 27 Tex. Civ. App. 481, 65 S. W. 378.

The supporting statement under the above fails to mention any exception taken or charge asked. From reading the two, we are not able to ascertain the point attempted to be raised.

The judgment is affirmed.