JOHN V. FARWELL *et al.*

*v.*

HORACE C. METCALF.

1. CASE—*declaration—scienter—demurrer.* Where the declaration in an action for deceit in falsely representing a third person fit to be trusted, averred that the defendant intended fraudulently to deceive and injure the plaintiff, and that the representations made by him were falsely, fraudulently and deceitfully made, and defendant well knew the parties were not

fit to be trusted: *Held*, that this declaration was substantially good, although, in the averment negativing the truth of the representations, it is not averred that the defendant knew them to be false, and it was error to sustain a demurrer to such a count in a declaration.

2. Counts which aver that the representations were made with intent to deceive and defraud the plaintiff, but omit to aver in terms that defendant knew the insolvency of the parties to whom the credit was given, are substantially good, and are not obnoxious to a demurrer. Such words import knowledge.

WRIT OF ERROR to the Superior Court of Cook county.

This was an action on the case brought by John V. Farwell, Charles Farwell, William D. Farwell and John K. Harmon, in the Superior Court of Cook county, against Horace C. Metcalf.

The declaration contained three counts, and averred that plaintiffs were wholesale merchants, and that R. Hoag & Co. applied to them for credit on the sale of goods, and that defendant, contriving and fraudulently intending to deceive and injure plaintiffs, falsely, fraudulently and deceitfully informed plaintiffs that William E. Hoag, a member of the firm of R. Hoag & Co., had been in pecuniary trouble in his business matters, but had got all such matters settled, and thereby induced plaintiffs to sell to R. Hoag & Co. a bill of goods on credit, when W. E. Hoag was in fact insolvent.

The second and third counts proceed upon similar representations and sale.

Defendant filed a demurrer to the declaration, which the court sustained, and plaintiffs abiding by their declaration, the court rendered a judgment in bar of the action, to reverse which this writ of error is prosecuted.

Messrs. WILKINSON, SACKETT & BEAN, for the plaintiffs in error.

Messrs. ELDRIDGE & TOURTELOTTE, for the defendant in error.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

A demurrer was sustained to the declaration in this case, and the action of the court in this regard is the only question for consideration.

The first count is according to the most approved precedents, with one exception. In the stating part of the declaration, it avers the fraudulent intent to deceive and injure the plaintiffs, and that the representations were falsely, fraudulently and deceitfully made, and that the defendant well knew that the parties were not fit to be trusted.

But in the portion of the declaration which negatives the truth of the representations, the statement that the defendant knew that the parties to whom the credit was given were in bad and insolvent circumstances, is omitted. In other respects the representations are fully negatived.

This count is formally good. Even if the use of the word " fraudulently " is not a sufficient averment of the *scienter*, the previous averment, that the defendant well knew that the parties were not to be trusted, is sufficient.

The second and third counts aver that the representations were made with *intent to deceive and defraud* the plaintiffs, but omit to charge, in terms, that the defendant knew the insolvency of the parties to whom the credit was given.

The question is, therefore, presented as to the meaning and effect of the words " fraudulently and deceitfully," and " with intent to deceive and defraud."

Deceit excludes the idea of mistake, and fraud has been termed a grosser species of deceit. Deceit is a fraudulent misrepresentation, by which one man deceives another, to the injury of the latter. Where false statements are made, with intent to deceive and defraud, the necessary implication is, that the person making such false statements, with such intent, has a knowledge of their falsity. Otherwise the false character of the representations, and the intent to deceive, could not co-exist.

Fraud has been defined to be "any cunning, deception or artifice, used to circumvent, cheat or deceive another." It is inconceivable how fraud could actually exist, as charged, in all its deformity, in the declaration, and yet that the defendant did not know that his representations were false.

The principles which govern in this form of action were fully examined in *Presley* v. *Freeman*, 3 Term R. 51.

Mr. Justice BULLER said, "The foundation of the action is fraud and deceit in the defendant, and damage to the plaintiff. Every deceit comprehends a lie, but a deceit is more than a lie."

Fraud practiced, and damage resulting therefrom, will sustain the action.    *Upton* v. *Vail*, 6 Johns. 181.

It would seem to follow, as a necessary implication, if fraud and deceit are broadly charged, the declaration ought to be sustained.

It is also laid down in 1 Chitty's Plead. 338, that the averment that the representations were fraudulently made might be a sufficient averment of the *scienter*. The same rule is stated in 2 Saund. Plead. & Ev. 60.

In actions at law for deceit in falsely representing a third person fit to be trusted, the *scienter* must be substantially alleged, and must always be proved.

The averment that the representations were made fraudulently, and with the intent to deceive and defraud, must be regarded as equivalent to an averment of the *scienter*, and the knowledge of the falsity of the representations must be proved as fully as if the declaration were in the usual form. *Evans* v. *Edmonds*, 76 E. C. L. 777; *Terrell* v. *Bennet*, 18 Geo. 404.

The declaration is substantially good, and the demurrer should have been overruled.

The judgment is reversed and the cause remanded.

                                        *Judgment reversed.*