## Thomas F. Low v. Annie Hurst Low.

### Gen. No. 13,233.

1. ALIMONY—*what not essential to allowance of, etc., pendente lite.* A reference to a master to determine whether the facts set forth in the bill exist so as to justify an allowance of alimony, solicitor's fees, etc., *pendente lite,* is not required by the practice in this State.

2. ALIMONY—*what does not render allowance of, unreasonable.* An allowance of alimony of an amount such as may require the defendant to resort to the *corpus* of his estate in order to pay the same, will not, for that reason alone, be set aside on review.

3. CUSTODY OF CHILDREN—*when should be awarded to mother.* Pending a proceeding for separate maintenance, the custody of a child should be awarded to the mother where it appears that the father has placed such child upon its own resources for support.

4. SEPARATE MAINTENANCE—*when allowance by court pendente lite, will not be disturbed.* In the absence of an abuse of discretion, allowances made by the court pending the determination of a bill for separate maintenance, will not be disturbed.

5. SOLICITOR'S FEES—*allowance of $1,000 sustained. Held,* that from the showing made in this case, an allowance of solicitor's fees of $1,000 on account was not so unreasonable as to justify a reversal.

6. SOLICITOR'S FEES—*form of order requiring payment of, in separate maintenance proceeding.* An order in a separate maintenance proceeding allowing solicitor's fees *pendente lite* should require the payment of the money to the complainant.

Bill for separate maintenance. Appeal from the Circuit Court of Cook County; the Hon. JULIAN W. MACK, Judge, presiding. Heard in this court at the October term, 1906. Affirmed in part and reversed in part. Opinion filed May 13, 1907. Rehearing denied May 27, 1907.

**Statement by the Court.** Appellee, complainant in the lower court, filed a bill against appellant, defendant below, for a separate maintenance. In the bill it is averred, in substance, as follows: Defendant has been for more than a year last past, and now is, a resident of Cook county, Illinois. August 2, 1883, in Syracuse, New York, complainant and defendant were lawfully married, and thereafter lived and cohabited as husband and wife until about May, 1889, when

defendant, wilfully and without reasonable or just cause, deserted complainant and refused longer to live with her as her husband, and thence hitherto has continued such desertion. The issue of said marriage was a son, Francis A. Low, born in July, 1889, who is living with complainant, but is temporarily attending school in Summit, New Jersey. Said Francis is hard of hearing and has an impediment of speech, on account of which it became necessary that he be provided with a special instructor and medical treatment, and the expense of providing these, while he attends school at Summit, is about $125 per month. During defendant's said desertion of complainant, defendant has not contributed to complainant's support further than lately sending to her son Francis $50, with instructions to give the same to complainant. Defendant has large means, consisting mostly of personal property, but some in real estate, situated in this and other counties and States, and is worth, to the best of complainant's information and belief, $450,000, and complainant believes that defendant, unless restrained by injunction, will, on learning of this bill, dispose of or encumber said property. Complainant is informed and believes, and so charges, that defendant is contemplating removing and giving up his residence in this county and State. The prayer is for reasonable and suitable provision for the separate maintenance and support of complainant and her said child, and for expenses heretofore incurred by her, in her and her child's support and maintenance, and that she may have the custody of her child, etc., and for an injunction and process. The bill is signed by complainant and verified by her affidavit. The bill was filed and the summons was issued and served on the defendant May 28, 1906, returnable to the June term of the court, on the third Monday of June, 1906, which was the 18th day of June. June 11, 1906, before the time defendant was required to answer the bill, the complainant filed a petition for an order on the defendant to pay to her a reasonable sum for her support and maintenance during the pendency of the suit, and also a reasonable sum on account of the fees of her solicitors, and to de-

fray her expenses of the suit. The petition is signed by her and verified by her affidavit. The petition commences with a repetition of the allegations as to non-contribution by defendant toward complainant's support, defendant's large means, and the allegations in the bill in respect to their minor son, and represents that the said Thomas F. Low has an income of upwards of $25,000 a year, and proceeds substantially as follows: Petitioner has no property or means of any kind. She resided with her father in Syracuse, New York, from July, 1893, till his death, since which she has resided with her sisters in said city. She has been unable to earn anything. Her son required her constant care till October, 1904, when he went to school at Summit, New Jersey. She has been unable to pay her father and sisters for board and lodging for herself and her son, and owes them more than $5,000. Her son, Francis, during his residence in Syracuse, underwent four surgical operations, and petitioner, during the past two years, has been in bad health, and now requires medical treatment. Her son's expenses at Summit are about $150 per month. Heretofore defendant contributed about $75 per month for their son's support, but since petitioner's attempt to have defendant contribute to her support, he wrote to their son a letter of date May 29, 1906, which is as follows:

"My dear Son: Your mother has begun proceedings against me that will compel you to get all your money from her in future unless she dismisses those proceedings at once. I have to-day made a will, in which there is no bequest to her and none to any of her blood relatives. This will stand until my death unless she at once dismisses this Chicago case and dismisses her designing lawyer. I am very sorry to write this, but your mother must be guided by me, and not by those who are doing her and you a life-long injury. I will not send any more money until all this crazy proceeding is stopped.

Your affectionate Father."

Petitioner's son's physician advises that he must go to some coast town for his health, to spend his vacation, and petitioner has arranged to go to Provincetown, Massachusetts, as soon as funds are provided, for her son's two and one-half months vacation, etc.

A hearing was had on this petition of June 11th on that day. The bill of complaint and the said petition, both of which were sworn to by Annie Hurst Low, were read on her behalf at said hearing, and certain affidavits of the defendant, Thomas F. Low, of one McLennon, and of Horace G. Parkins, were read in behalf of the defendant. The court entered an order granting to complainant the care and custody of her son, Francis Low, until the further order of the court, and ordering that the defendant pay to complainant for her and her son's support $500 per month, commencing June 11, 1906, until the further order of the court, and that said monthly allowance be paid to West, Eckhart & Taylor, complainant's solicitors, for complainant; that the first payment be made June 20, 1906, and a like payment on the 11th day of every month thereafter; also that the defendant pay to complainant, as a temporary allowance on account of her solicitor's fees, $1,000, said payment to be made to said solicitors for said complainant; also that defendant pay to complainant $250, as a temporary allowance on account of her expenses in the prosecution of her suit, and that said payment be made to complainant's said solicitors, for complainant, June 25, 1906. It was ordered that either party may apply to the court to increase or decrease the monthly allowance of $500, and that complainant may apply, at any time, for additional allowances for solicitor's fees and expenses of suit. This order was slightly amended in the recital of facts on June 15, 1906.

From this order as amended the defendant appealed to this court and perfected his appeal. He assigns for error, among other things, that the bill of complaint is multifarious, and the causes of action set up by it barred by laches and the Statute of Limitations.

The attack on this appeal, however, is on the order of June

11th for temporary alimony and solicitor's fees, and defendant has not argued that these alleged defects of the bill affect the rightfulness of that order. He insists, however, under other assignments, that it was erroneous to order the payment of the allowance for solicitor's fees, suit money and temporary alimony to be made to complainant's solicitors "for complainant"; erroneous to award the custody of the son to his mother; erroneous to make such large allowances for solicitor's fees, for suit money, and for temporary alimony; erroneous in making any allowance to the petitioner, for the support and maintenance of the son, and erroneous in not directing a reference to the master to inform the court as to the resources of the defendant and other conditions affecting the propriety of the allowances.

HORACE G. PARKINS, for appellant.

WEST, ECKHART & TAYLOR, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

The counsel for appellant object in this court to the allowance of alimony *pendente lite,* and of suit money, and of solicitor's fees, made by the court below, because they were made without reference to a master. But we do not find that any such objection was made in the court below, or any reference asked by him. Counsel say that the practice in New York and New Jersey requires a reference to the master upon a petition for allowances *pendente lite,* where the facts affecting their rightfulness are not more clearly before the court than in this case. No such practice prevails here. The trial court may determine for itself what evidence as to conditions will satisfy it and its discretion will not be interfered with save when it has been abused.

It is objected that the Circuit Court was without jurisdiction to award the custody of Francis Low to the complainant. We think that this was within the power of the court and, that in view of the defendant's letter to his son,

attached as an exhibit to the complainant's petition, on which
the order appealed from was rendered, it could do no less
than make the order. · Its effect on the status of the child
in another State is not here in question. The boy must
be supported, and the defendant has served notice on him
that he will not furnish the support except on conditions
manifestly not within the power of the boy to bring about.

It is true that counsel for defendant repudiate for him
the intention plainly expressed in the letter, but we think
the chancellor was justified in taking for a deliberate inten-
tion that which was so clearly and positively asserted.

But the chief insistence of the appellant is on the alleged
excessiveness of the allowances. The bill is one for a sepa-
rate maintenance. The statute under which it is brought,
and under which these allowances are ordered, is as follows:

"Married women who without their fault now live or
hereafter may live separate and apart from their husbands,
may have their remedy in equity in their own names re-
spectively against their said husbands in the Circuit Court of
the county where the husband resides, for a reasonable sup-
port and maintenance while they so live or have so lived
separate and apart, and in determining the amount to be
allowed the court shall have reference to the condition of the
parties in life at the place of residence of the husband, and
the circumstances of the respective cases, and the court may
grant allowance to enable the wife to prosecute her suit as in
case of divorce."

The Divorce Statute which is here referred to provides
that: "In all cases of divorce the court may require the
husband to pay to the wife, or pay into court for her use
during the pendency of the suit, such sum or sums of money
as may enable her to maintain or defend the suit, and in
every suit for a divorce the wife, when it is just and equi-
table, shall be entitled to alimony during the pendency of the
suit. And in case of appeal or writ of error by the hus-
band, the court in which the decree or order is rendered may
grant and enforce the payment of such money for her de-
fense and such equitable alimony during the pendency of the

appeal or writ of error as to such court shall seem reasonable and proper."

Under these provisions of the Statutes it is plain that the amount to be allowed is intended to be within the discretion of the court in which the suit is pending. And so it has been decided in numerous cases.˙ While this discretion of the trial court in its allowances is subject to review upon appeal or error, yet it will not be overruled unless the court of review is clearly convinced that the amount is so excessive as to constitute an abuse of discretion. In ordinary cases the discretion of the chancellor will be still further relied on to modify the temporary allowances to meet any new and unforeseen circumstances. Foss v. Foss, 100 Ill., 576–580.

In the present case we think the allowances high, but we do not regard them as so high, under all the circumstances and conditions shown by the affidavits presented at the hearing and their comparison, as to show an abuse of discretion.

The defendant is clearly shown, even on his own admissions, to be a man of very large means, and it is not the law that the principal of an unproductive estate may not be charged for the production of suitable allowances. Bergen v. Bergen, 22 Ill., 190; Parker v. Parker, 61 Ill., 372.˙

The appellee's health, the peculiar afflictions of her son, the necessary liability under which she represents herself as lying, were all to be taken into account, and undoubtedly were all taken into account, by the learned judge who entered the order, and in view of them and of his action we shall not interfere with the allowance of $500 monthly for the temporary maintenance of the complainant and her son.

There was no error in making this payment continue "until the further order of the court." This merely means until the further order of the court during the pendency of the litigation. It contingently shortens but does not lengthen the duration of the allowance.

The allowance of $250 for the costs and expenses of the suit other than solicitor's fees, cannot be seriously questioned as not within the discretion of the court; but it is

said that the $1,000 required to be paid complainant "as a temporary allowance on account of her solicitor's fees," is grossly excessive and should be reversed. We think it is a large sum to require payment of at the beginning of the suit, and at once, but we cannot hold it so excessive as to require reversal. The Supreme Court said in Harding v. Harding, 144 Ill. 588–602: "In making such allowances due regard should always be had to the character of the litigation, the services necessarily to be performed, the probable expense to be incurred, and all other circumstances which the court can see may tend to lessen or increase the probable expense of the litigation. It cannot be said, we think, that the allowance of $1,000 as solicitor's fees and of $400 for other expenses of the suit is so excessive, in view of the facts disclosed, as to warrant the interference of an appellate jurisdiction, upon the ground that it was an abuse of the discretion reposed in the Circuit Court."

Harding v. Harding, at the stage when this language was used, cannot be distinguished from the case at bar in its present stage. It was, like the case at bar, a bill for separate maintenance brought by the wife against a husband of large means. The "circumstances" surrounding the present case seem as likely to make its litigation expensive and laborious as did "circumstances" involved in the Harding case at its beginning. It is to be hoped, however, that the promise will not be so well justified by the event.

Finally, it is insisted that the order is erroneous in that it orders the payment to the solicitors of the maintenance allowance, of the suit money, and of the solicitor's fees. None of these sums, it is said, can legally be so made payable. They should all be made payable to Annie Hurst Low, the complainant.

It is undoubtedly the law that the allowance to a wife for all of these purposes must be made to her direct, and not to any third person not a party to the litigation. Anderson v. Steger, 173 Ill., 112. A majority of the court do not think that the order here violates this rule.

The decree for the $500 monthly, for the $1,000 solici-

tor's fee, and for the $250 suit money, is, in each case, that the defendant, Thomas F. Low, pay to the said complainant, Annie Hurst Low, the said sum, and, in the opinion of the majority of the court, this places the control of these sums in her hands and enables her to satisfy the decree, on payment to her directly, notwithstanding the further provision as to each payment that said payment is to be made to "West, Eckhart and Taylor, the solicitors of record for said complainant, for said Annie Hurst Low."

But we all agree in the opinion that the language is unfortunate and might lead to a plausible, even if unsound, contention that the payments were not to be made to the complainant or her solicitors of record, but could be made effectively and legally in no other way than to the solicitors. If this were the true meaning of the decree it would be practically one directly in favor of the solicitors and unwarrantable and erroneous.

Counsel for appellee say in their argument, "While contending that the language in the order complained of is such as the court below had jurisdiction to enter, if this court is of a different opinion, we then submit that the language in question is neither more nor less than surplusage which can be stricken out, if the court so directs, without interference with any other part of the order and without objection on our part."

We have no doubt of our right to affirm this order except as to the objectionable provisions, and to reverse those provisions only. This we shall do. The order of the Circuit Court of June 11, 1906, as amended on June 15, 1906, is affirmed except as to the words, "That said monthly allowance of five hundred dollars be paid to West, Eckhart & Taylor, the solicitors of record for said complainant, for said Annie Hurst Low," and as to the words (in the paragraph concerning the solicitor's fees), "that said payment be made to said West, Eckhart & Taylor for said Annie Hurst Low," and as to the words, "that said payment of two hundred and fifty dollars be made to said West, Eckhart & Taylor for said Annie Hurst Low." The order is re-

versed as to the provisions contained in these words only. With these words stricken out, the order will stand affirmed. The costs will be taxed against appellant.

*Affirmed in part and reversed in part.*